ALBANY,
Jan. 1813.

NICKLESON
v.
STRYKER.

————◉————

NICKLESON *against* STRYKER.

THIS was an action of trespass, for assaulting, debauching and getting with child the daughter of the plaintiff, *per quod*, &c. and was tried before Mr. Justice *Thompson*, at the *Otsego* circuit, in *September*, 1812.

The daughter, who was a witness for the plaintiff, at the trial, testified, that she was 29 years old. She lived with her father, the plaintiff, until a short time before her misfortune. She went to one *Layton's*, returned home, and, after a week, went back to *Lay- ton's* to work, and while there, on the 24th of *October* last, her connexion with the defendant happened. She then went to her brother's, and did not return to her father's house until *February*. The child was born while she was at her father's house, and he took care of her during her illness, and was at the expense of

A father can= not maintain an action of trespass for assaulting and debauching and getting his daughter with child, *per quod, &c.* where the daughter is above the age of 21 years; unless she is actually in her father's ser- vice, so as to constitute the relation of master and servant.

ALBANY,
Jan. 1813.

NICKLESON
v.
STRYKER.

her lying in, &c. While she lived with her father, she worked for him, when at home, and her earnings, during 7 or 8 years, when she went out to work, as occasion offered, were applied to pay for necessaries for the family. Her father did not, however, claim a right to her services, or to the wages she earned. . She never went from home when her services were wanted. The defendant had paid attention to her for several years, at different places, and once while she was at the plaintiff's house.

The judge intimated. an opinion, that the action was not maintainable; a verdict was taken for the plaintiff, subject to the opinion of the court, on a case; the jury having assessed the damages at 180 dollars.

*N. Williams*, for the plaintiff, contended, that the principle to be extracted from the cases decided in *England*, on this subject, which, however, he thought inconsistent, was, that though the daughter was above the age of 21 years, and not actually resident in her father's house when the injury was committed, and in no sense to be considered in the light of a *menial servant;* yet if she had not actually abandoned her father's house and protection, the qualified or supposed relation of master and servant still subsisted, so as to support the action.*  In the present case, though the daughter was above the age of 21 years, she considered her father's house as her *home*. She never left it while her services were wanted; and when she went out to work, it was, always, with the intention of returning to her father's house. There was no time when she did not possess the *animus revertendi*.

Though the later *English* decisions consider this as an action of *trespass* in all cases, yet there seems to be more reason and good sense in the opinion of *Buller*, J. who regarded it as an action on the case. Those decisions, taken altogether, are extremely absurd; and this court ought to be governed by the true principle on which this action is brought, which is for the injury which the father sustains, by being deprived of the society and comfort of his child, and the dishonour inflicted on the family by the loss of her character. Lord *Ellenborough* and Lord *Eldon* have, at the *sittings*, charged the jury to calculate the damages on those grounds, and to take into consideration the *wounded feelings* of the parent. Is it not utterly inconsistent and absurd, then, when such are admitted as the chief, if not the sole grounds of damages, to require, as essential to support the action, proof of

* 3 *Wils.* 18.
2 *Term Rep·*
4. 166.
*Peake's Cas.*
55. 233.    3
*Burr.* 1878. 5
*East*, 45.   5
*Bos. & Pull.*
482.    3 *Esp.*
*Rep.* 119.   3
*Selwyn's N.*
*P.* 969. .

actual service, or the relation of master and servant? This is really and truly an action on the case; and it ought to be sustained in all cases, where the daughter is not emancipated, by marriage, from the care and protection of her parent.

*Foot*, contra, was stopped by the court.

*Per Curiam.* As the daughter, in this case, was 29 years of age, and not in the actual service of her father when she had the connexion with the defendant, the plaintiff cannot sustain the action. The rule is settled, that if the daughter be of age, she must be in her father's service, so as to constitute, in law, and in fact, the relation of master and servant, in order to entitle her father to a suit for seducing her. If she be under age, she is presumed to be under his control and protection, so as to entitle him to the action, whether she actually resides with him or not; and this was the decision of the court, at the last *August* term, in *Martin* v. *Payne*, (9 *Johns. Rep.* 387.) in which the authorities were reviewed, and this plain distinction taken and adopted.

Judgment for the defendant.