# Fernsler *against* Moyer.

A guardian stands in relation to his ward *in loco parentis*, and may maintain an action on the case and recover damages for her seduction.

ERROR to the Common Pleas of *Lebanon* county.

Abraham Fernsler against Henry Moyer. This was an action on the case brought by the plaintiff to recover damages for the seduction of his ward by the defendant.

The court below instructed the jury that the plaintiff was not entitled to recover; that the relation of a guardian to his ward was not such as entitled him to recover damages for the loss of service, which is the gist of the action.

*Pearson*, for plaintiff in error. The loss of service is said to be the gist of the action; but this is a fiction, adopted as a legal principle to give an adequate remedy in the multitude of cases, where the loss of service is nothing in comparison with the injury

[Fernsler v. Moyer.]

inflicted upon the feelings and happiness of the parent and family. The guardian stands *in loco parentis;* and there is perhaps no case in which the principle should be so strongly asserted as in this. 17 *Serg. & Rawle* 377; 3 *Bac. Ab.* 414, *F. title "Guardian;"* 1 *Penn. Black.* 243, 245, 247; 3 *Eng. C. L. Rep.* 154; *note to* 1 *Holt* 451; 8 *Serg. & Rawle* 36; 12 *Eng. C. L. Rep.* 136; 2 *Stark. Rep.* 493; 3 *Serg. & Rawle* 218.

*L. Kline* and *G. Kline, contra.* The relation of master and servant must exist, in order to maintain the action, 2 *Watts* 474; but there is no such relation between a guardian and his ward, as exists between a parent and child, or master and servant. A parent is bound to support his child; a guardian is not. He is entitled to the earnings of his child; a guardian is not. A child forms part of the family of its parent, but not that of its guardian. A guardian, in truth, sustains no loss at all by the seduction of his ward. If, then, there be no right violated, he has no remedy. 2 *Watts & Serg.* 570; 3 *Mass.* 149; 2 *Bibb.* 341; 8 *Serg. & Rawle* 39; 3 *Penn. Rep.* 51.

The opinion of the Court was delivered by

SERGEANT, J. — This kind of action, though in form a mere demand of compensation for loss of service, yet has been made use of by the courts to furnish redress for one of the most flagrant injuries that can be committed. Damages are allowed to be recovered, commensurate with the injury done to feeling, to character, to happiness, and, where the case called for it, by way of example to others. Case or trespass has been held to lie. 3 *Serg. & Rawle* 215; *Gilm.* 33; 6 *Munf.* 587. The action has been extended so as to enable persons to sue not at first strictly within the description of master and servant, but made so by construction; more especially for the vindication and protection of minors. Thus the father has been allowed to maintain the suit, although the daughter was living at the time of the injury in another family. In *Martin* v. *Payne,* (9 *Johns.* 387), the father of the minor had made no contract of hiring, and the relation of master and servant existed only from the legal control he had over his daughter's services. The case is there put, of a gentleman's daughter at boarding-school debauched and got with child; the action was said to lie on the supposed relation of master and servant, arising from the power possessed by the father to require menial services. Almost every-argument which establishes the right of a father to sue in such case, applies to the case of a guardian. It is said in *South* v. *Denniston,* (2 *Watts* 474), that by reason of a father's duty to educate and maintain his infant children, he stands in the place of a master to them while he retains the right of personal control, even as to such of them as are not under his immediate dominion. The mother not being bound to

III. — 53

[Fernsler v. Moyer.]

maintenance, can maintain the action only by proving actual service at the time of seduction.    Service is correlative to the duty of maintenance.

The guardian, on the decease of the father, stands *in loco parentis;* possesses all his control and authority, and is subjected to his duties, except only that of maintaining the ward out of his own estate.    A guardian has not a bare authority only, but also an interest.    3 *Bac. Ab.* 414.    At common law, the guardian could recover damages for his ward in trespass; and by *West.* 2, *c.* 35, has a writ of ravishment of ward, and may recover the body; and by the equity of the statute, a guardian in socage, or testamentary guardian, has this remedy.  -*Ibid.*

Almost every reason on which the right of a father to sue in a case like the present is founded, seems to apply to a guardian. He stands in the place of the father.    He has a right to the care, custody, control, and disposal of his ward's person; and owes a duty to him in return, for which he is responsible.    He controls his services according to his condition in life, and is bound to educate and maintain him; and its being out of the ward's estate, cannot make a difference in this respect.    Without the consent or authority of the guardian, the ward cannot legally make contracts, or bind himself by indenture or to service.    The relation of master and servant exists from the legal control he has over the services of·the minor to the same extent, in the case of a guardian, that it does in the case of a father.    In 17 *Serg. & Rawle* 377, it is expressly laid down by this court, that the guardian is *in loco parentis;* and that the reciprocal power and duty of a guardian and minor are, for the time being, the same as those of a father and child.    It is said the guardian is not entitled to the earnings of the minor, as the father is.    If that were so, it could make no difference, in other respects, in the powers and duties mutually existing between them, which have been created by law for the benefit and protection of the minor, when he is by nature disabled from taking care of himself.    But in the above case, it was held that a ward cannot, on coming of age, sustain *assumpsit* against his guardian for work and labour done by him for his guardian during his minority; and it is questionable in what cases even the Orphans' Court would think it right to charge the guardian for hiring out his ward to others, and receiving the price, or permit his charging the ward for boarding, &c. while living with him and labouring.    But this can make no difference, in our opinion, as to the capacity of the guardian to maintain this action.

Judgment reversed, and *venire facias de novo* awarded.