Edwards, J.
 

 It was proved upon the trial that the plaintiff’s daughter, at the time of her seduction, was in the defendant’s service, and it did not appear that there was
 
 animus revertendi,
 
 or that she, in fact, returned to her father’s house
 
 *337
 
 until after her confinement. Upon this state of facts it was contended upon the part of the defendant that, as no expense or actual loss of service on the part of the plaintiff was proved, he should be nonsuited, and a motion was made to that effect, which was overruled.
 

 In the case of
 
 Dean
 
 v. Peel, (5
 
 East,
 
 45,) the plaintiff’s daughter, at the time of tier seduction, was under age, but was living in the family of another person, in the capacity of a. housekeeper, with no intention at the time of her seduction of returning to her father’s house, although she did return there while she was under age, in consequence of her seduction, and was maintained by her father. Upon this state of facts it was held, that as the daughter was actually in the service of another person than her father, and as there was no
 
 animus revertendi,
 
 the action could not be maintained. The rule thus laid down has been since followed in the English courts.
 
 (Blaymire
 
 v.
 
 Haley,
 
 6
 
 Mees. & W.
 
 55 ;
 
 Harris
 
 v.
 
 Butler,
 
 2
 
 id.
 
 539 ;
 
 Grinnell
 
 v.
 
 Wells,
 
 7
 
 Man. & Gran.
 
 1033.) In a few years after the decision in
 
 Dean
 
 v.
 
 Peel
 
 a somewhat similar case arose in this state, in which it appeared that the plaintiff’s daughter, who was under age, with the consent of her father, went to live with her uncle, for whom she worked when she pleased, and he agreed to pay her for her work; but there was no agreement that she should continue to live in his house for any fixed time. While in her uncle’s house she was seduced, and got with child. Immediately afterwards she returned to her father’s house, where she was maintained, and the expense of her lying in was paid by him. Upon this state of facts it was held, contrary to the case above cited, that the action could be maintained. In delivering the opinion of the court, Ch. J. Spencer said,
 
 “
 
 the case of
 
 Dean
 
 v.
 
 Peel
 
 is against the action. In the present case the father had made no contract binding out his daughter, and the relation of master and servant did exist from the legal control he had over her services; and although she had no intention of returning, that did not terminate the relation, because her volition could not affect his rights. She was his servant
 
 de jure,
 
 though
 
 *338
 
 not
 
 de facto,
 
 at the time of the injury; and being his servant
 
 de jure,
 
 the defendant has done an act which has deprived the father of the daughter’s services, and which he might have exacted, but' for that injury.”
 
 (Martin
 
 v.
 
 Payne,
 
 9
 
 John.
 
 387.) This decision was afterwards approved of in
 
 Nickleson
 
 v.
 
 Stryker,
 
 (10
 
 John.
 
 115.) In the case of
 
 Clark
 
 v.
 
 Fitch,
 
 (2
 
 Wend.
 
 459,) it was proved upon the trial that the plaintiff told his daughter that she might remain at home, or. go out to service, as she pleased, but, if she left his house, she must take care of herself, and he relinquished all claim to her wages and services. It was contended that there was a distinction between this case and that of
 
 Martin
 
 v.
 
 Payne,
 
 on the ground, 1. That the father had given his daughter her time absolutely; 2. That he had in fact incurred no expense; but it was held that this made no difference, and that the personal rights of the father over the child were not relinquished. . In the recent case of
 
 Bartley
 
 v.
 
 Richtmeyer,
 
 (4
 
 Coms.
 
 38,) Bronson, Ch. J., in giving the opinion of the court, says, that “.our cases hold that the relation of master and servant may exist for the purposes of this action, although the daughter was in the service of a third person at the time of her seduction, provided the case be such that the father then had a legal right to her services, and might have commanded them at pleasure.” But it was there held that the step-father had no such right, and consequently could not maintain the action. In Pennsylvania a similar rule has been adopted*
 
 (Hornketh
 
 v.
 
 Barr,
 
 8
 
 Serg. & R.
 
 36; 6
 
 id.
 
 177.
 
 See also Mercer
 
 v.
 
 Walmsley,
 
 5
 
 Har.
 
 &
 
 John.
 
 27.) And Greenleaf, in bis treatise on evidence, lays it down as the established American rule. (2
 
 Greenl. Ev.
 
 § 576.) Whether it be more or less consistent with principle and policy than the English rule, it is now too late to inquire. It is too well established by authority. The case of
 
 Dain
 
 v.
 
 Wycoff,
 
 (3 Selden, 191,) was cited on the part of the defendant; but it will be seen, by reference to the opinion delivered in that case that it was decided upon the very distinction which has been laid down in the adjudica
 
 *339
 
 tions referred to. In that case the plaintiff’s daughter was
 
 bound out to service
 
 to another, and the plaintiff had no right to her services.
 

 The judgment should be affirmed.
 

 All the judges, except Rugóles, who did not hear the argument and took no part in the decision, concurred.
 

 Judgment affirmed.