Bracy *v.* Kibbe.

—————•♦•—————

### BRACY *vs.* KIBBE.

Although the law does not clothe a stepfather with the rights of a parent, growing out of that relation alone, yet where a person adopted the illegitimate daughter of his wife, into his family, and she was bred and brought up by him, *it was held* that he stood *in loco parentis* towards her, and could maintain an action for her seduction.

In such an action it is competent to show the circumstances under which the female was seduced, and the means used for corrupting her mind.

Evidence of previous lascivious conduct on the part of the girl is admissible.

Where the female seduced, on her examination as a witness, swears that she had been induced to charge the child upon another person, by promises from the defendant, it is competent for the defendant to show that she not only said the child was not the defendant's, but that she went further, and said that she had been induced to charge it upon the defendant by the plaintiff and others, members of his family.

It is improper to admit evidence of the reputed good character of the female, when her general reputation has not been attacked.

THIS was an action brought by the plaintiff, William Bracy, against the defendant, for debauching Alvira Bracy and getting her with child, she being at the time, and from her infancy up, the plaintiff's servant, by reason whereof he not only incurred expenses for her lying in, but lost her services. The defense was a denial of the allegations of the complaint, and an averment that the female alleged to have been seduced was the illegitimate child of the plaintiff's wife, born previous to the plaintiff's marriage with her mother, and

that she never sustained the relation of servant to the plaintiff. The cause was referred to a referee, who found the following facts: That the plaintiff intermarried with the mother of Alvira Bracy when Alvira was about two years of age; that Alvira was an illegitimate child; that at the time of such marriage the plaintiff took Alvira home, and that she had ever since been in his family, and been provided for by the plaintiff as his own child, and that she labored for the plaintiff as a servant in his family for several years prior to and at the time of the seduction and carnal knowledge hereinafter mentioned, and till a short time prior to the birth of her child; that in the month of August, 1854, the defendant seduced and had carnal connection with the said Alvira; that from such connection she conceived and bore a child, which was born the 22d of May, 1855, which child is still living; that the plaintiff provided a physician for her during her said confinement, and took care of the said Alvira and her said child up to the commencement of this suit; that the said Alvira was 15 years old in November, 1856, and that she was the servant of the plaintiff at the time of said seduction and carnal knowledge. And the referee found that the plaintiff had sustained damages by reason of such seduction and carnal knowledge, to the amount of $200. And he found, as conclusions of law, that the plaintiff was entitled to recover of and from the defendant for the damages aforesaid, the sum of $200.

On the trial before the referee, Alvira Bracy was examined as a witness; and having testified to the seduction, she was asked by the plaintiff's counsel whether the defendant, at any time before he had connection with her, showed her lascivious books? This was objected to, as leading and incompetent. The referee overruled the objection, and the defendant excepted. The witness answered that he did; that some pictures in the book were men and women naked. The witness was asked whether, on a certain occasion, she had not said to one Millard that, some time when alone with him, she would have connection with him? This was objected to, as improper

Bracy *v.* Kibbe.

evidence, and excluded by the referee. The witness was asked by the plaintiff's counsel, "Did you agree to live with the plaintiff until you were eighteen?" Objected to by the defendant as improper evidence. The referee admitted the evidence. The witness testified that when she was a little girl, six or seven years old, she promised to live with the plaintiff; that this was all the bargain ever made. A witness was asked what was Alvira's Bracy's conduct with young men? This was objected to, and the evidence excluded. The same witness was asked whether he knew of any acts of Alvira, before July, 1854, of a lewd and lascivious character, with Henry Gilson? This also was objected to, and excluded. Another witness, having stated that she had known Alvira since she was a small child, was asked what had been her character and deportment. This was objected to by the defendant as incompetent, on the ground that he had not attacked her character, except by specific acts, and the plaintiff was not permitted to show her general good character. The referee overruled the objection, and the defendant excepted. From the judgment entered upon the report of the referee the defendant appealed.

*C. Whitney*, for the appellant.

*L. Downing*, for the respondent.

*By the Court*, PRATT, J. There existed in this case the relation of master and servant between the plaintiff and the girl seduced, which would entitle the former to sustain his action for loss of service. Although she was the illegitimate daughter of his wife by another man, and the law did not therefore clothe him, from that relation alone, with the rights of a parent, yet in this case it appears that the girl had been actually adopted by him into his family and had been bred and brought up by him. He stood, therefore, *in loco parentis*, and was clearly entitled to sustain the action. (*Bartley* v. *Richtmyer*, 2 *Barb. S. C. R.* 182. *S. C.*, 4 *Comst.* 38.) The action

will lie in favor of a guardian, (3 *Watts & Serg.* 416,) or an uncle, or aunt, who has brought up a niece, (2 *Car. & P.* 303, 2 *D. & E.* 4,) or one who has adopted and bred up the daughter of a deceased friend. (11 *East*, 23. 5 *Barb.* 661.)

I think the evidence, also, of the circumstances under which the girl was seduced, was proper; as the damages are not confined to mere loss of service, but the jury are allowed, by way of damages, to compensate the plaintiff for the injury to his feelings, any circumstances of aggravation must be admissible. But I think the referee erred in excluding evidence of previous lascivious conduct on the part of the girl. One of the considerations entering into the question of damages is the supposed loss on the part of the parent of the society of a chaste and pure daughter. If, therefore, the daughter had already become impure, the loss in that respect would be much less. All the authorities concur that such evidence is admissible. (1 *Greenl. Ev.* § 54. 2 *id.* § 577. 7 *C. & P.* 308. 1 *Phil. Ev., Edw.* ed. 760.) I think the evidence of the statement of the girl that her folks tried to induce her to charge the child upon the defendant, was improperly rejected. She had been interrogated in regard to her saying that Bracy, and not the defendant, was the father of the child, and had attempted to explain it upon the stand, by swearing that she was induced to charge it to Bracy by promises from the defendant. To meet this supposed explanation, it was clearly competent to show that she not only said the child was not the defendant's, but that she went further and said that she had been induced to lay it upon the defendant by the plaintiff and other members of the family. It was proper, in contradiction of the statement, that she had been induced to lay it upon Bracy by the defendant. For while she might be induced by the defendant to say the child was not his, there would be no necessity of her charging her parents with conniving at her accusations against the wrong party. It was therefore competent upon the question of credibility.

It was also improper to allow evidence of the reputed good

character of the girl. Her general reputation had not been attacked. Most of the evidence of specific acts of lewdness had been excluded. Her general reputation, therefore, did not appear to be in issue. (3 *Seld.* 378. 4 *Comst.* 493. 1 *Cowen*, 530.)

These are all the errors which I have been able to discover in the rulings of the referee. The evidence in relation to the contract could not possibly do any injury. Besides, it was competent to show that the plaintiff had actually adopted her, and that she stood actually in the relation of servant to him.

Judgment reversed, and new trial ordered.

[ONONDAGA GENERAL TERM, April 5, 1859. *Pratt, Bacon, W. F. Allen* and *Mullin,* Justices.]