CELINDA GRAY, Respondent, *v.* COE DURLAND, Appellant.

A widowed mother, whose minor daughter is actually in her service, can maintain an action against one who debauches the daughter for loss of service resulting therefrom.

Plaintiff, a widow, whose minor daughter was out at service, sent for her to aid temporarily during sickness.- She came home, remained a few days assisting in household duties and then returned to her own employment. While thus at home she became pregnant by defendant.

In an action to recover damages for loss of services,—*Held*, that the daughter was in the actual service of the plaintiff at the time, in such sense that the action could be maintained.

(Argued September 28, 1872; decided January term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial district, affirming a judgment in favor of plaintiff entered on a verdict. (Reported below, 50 Barb., 100.)

This action was brought to recover damages for the seduction of plaintiff's minor daughter, Amanda Gray.

The daughter had formerly been in the employ of defendant; and while there, according to her testimony, was seduced by him. After leaving his service she went into the employment of a Mr. Davis. She was sent for to aid her mother for a few days on account of sickness in the family. She came home, remained a day or two, and then returned to Mr. Davis. While at home she had connection with defendant and became pregnant. She was brought home by her employer and was there delivered of a child. Plaintiff was a widow, Amanda a minor.

Upon the trial defendant's counsel asked the judge to charge the jury, that as matter of law the plaintiff could not recover if the jury found that at the time of the alleged seduction her daughter, Amanda, was in the actual service of any other person than the plaintiff. This the court refused to do, but charged the jury that if they found that the daughter was a minor at the time of the alleged seduction the plaintiff had a right to recover, and whether in the service of herself or any other person; to which the defendant excepted.

The jury rendered a verdict for plaintiff.

*Lyman Tremain* for the appellant. Plaintiff could not maintain this action, for at the time of the alleged seduction her daughter was in the actual service of defendant. (4 Cow. 46; 3 Seld., 191; 9 Barb., 523; *Bartley* v. *Rechtmeyer*, 4 Comst., 46; 2 Greenlf. Ev., § 575; 4 Doug., 315; 5 East, 47.) The mother is not entitled to the services of her daughter on the death of the father, and cannot maintain an action for seduction unless she is in her actual service. (Blackstone's Com., 433; 31 Me., 240; 28 Barb., 800; 3 Comst., 312; 10 Ad. & El. N. R., 725; *Roberts* v. *Connelly*, 14 Ala., 235; *Commonwealth* v. *Murray*, 4 Binn., 488; 3 Stark. Ev. [title Seduction], 989; Wood's Ins., 64; *Smith* v. *Dennistone*, 2 Watts, 474; *Logan* v. *Murray*, 3 Sergt. & Rawle, 175.)

*Amasa J. Parker* for the respondent. The testimony of the seduced person, as to defendant's advice to her to take poison, was admissible as part of the *res gestæ*. (*Hewitt* v. *Prime*, 21 Wend., 79; *Knight* v. *Wilcox*, 15 Barb., 279; *Manville* v. *Thompson*, 2 Car. & P., 303; *Dain* v. *Wyckoff*, 18 N. Y., 46; *Johnson* v. *Jenkins*, 24 id., 254.) The question to Amanda, as to her being charged with stealing, was properly excluded. (*G. W. Ins. Co.* v. *Loomis*, 32 N. Y., 127.) This action is maintainable, when the father is dead, by any one who stands in *loco parentis*, as a mother or aunt. (Reeves' Dom. Rel. [Gould's ed. of 1862], 420; 2 Kent's Com., 183, 190, 191, 193, 217; 1 R. S., 614, 718;

*Jackson* v. *Waltz*, 7 J. R., 157; *Beecher* v. *Crounse*, 19 Wend., 306; *Sylvester* v. *Ralston*, 31 Barb., 289.) The mother, when the father is dead, is obliged to support minor children, and is entitled to their earnings. (*Elliot* v. *Gibbons*, 30 Barb., 500; *Williams* v. *Hutchinson*, 5 id., 122; *In re Rider*, 11 Paige, 158; *Campbell* v. *Campbell*, 3 Stock. [N. J.], 268; *Jemress* v. *Emerson*, 15 N. H., 486; *Graham* v. *Kinder*, 11 B. Monroe, 60; *Osborn* v. *Allen*, 2 Dutch. [N. J.], 388; *Jones* v. *Tevis*, 4 Litt., 25; *Dedham* v. *Natick*, 16 Mass., 135, 140; *Nightingale* v. *Withington*, 15 id., 272, 274; *Cook* v. *Bybee*, 24 Texas, 278; *Kelly* v. *Donnelly*, 5 Md., 211.) The mother may maintain an action for the seduction of a minor daughter, the father being dead. (*Sagent* v. *Dennison*, 5 Cow., 106; *Bartley* v. *Richtmeyer*, 2 Barb., 188; *Clark* v. *Fitch*, 2 Wend., 464; *Miller* v. *Thompson*, 1 id., 450; *Ingersoll* v. *Jones*, 5 Barb., 661, 665; *Andrews* v. *Askey*, 8 Car. & P., 7; *Villepigné* v. *Shular*, 3 Strobh., 462; *Feckner* v. *Scarlet*, 3 Sneed [Tenn.], 30, 38; approved, 5 id., 149; *Vessel* v. *Cole*, 10 Miss., 634; *Hinricks* v. *Kerchner*, 35 Mo., 378; *White* v. *Nellis*, 31 N. Y., 405; *Lipe* v. *Eichenberd*, 32 id., 229; *Edmeston* v. *Mitchell*, 2 Term, 4; *Bracy* v. *Kibbe*, 31 Barb., 273; *Badgley* v. *Decker*, 44 id., 580; *Ingerville* v. *Jones*, 5 id., 661.)

HUNT, C.    In his points, the appellant says: "If she became pregnant at all by her connection with the defendant, it must have occurred in January, when she was home on a visit."

In his supplementary points, the respondent says: "We agree to the statement made by the appellant," copying the above statement.    The evidence undoubtedly establishes the fact thus admitted, but it simplifies the case, that this starting point should be agreed upon by the counsel of either party.

It appears, then, that after leaving the service of the defendant, the daughter went into the employment of Mr. Davis, a tavern-keeper at Bloomingburgh, in October, where she remained until the end of January.    The circumstances attending her return in January are thus stated by her mother.    " She

came home to stay a few days in the fore part of January. * * She remained three or four days, and went back to Davis. She went back in the stage. * * I had not sent for her but once. This was when the children were sick, the fore part of January." After detailing the transaction occurring at this time, the daughter says that she went to Davis, the next day after the occurrence. Another witness says that Mrs. Gray asked him to bring Amanda home, as the child was sick, and that she did go home with him. The result of this testimony is this: the daughter being at service in the family of Mr. Davis, a younger child of the plaintiff became sick; she sent for Amanda to come home for a few days to aid her during this sickness. She did come, aided her in the duties at home, and in a day or two returned to her place at Davis'. While thus at her mother's she became pregnant by the defendant. The plaintiff is a widow and the daughter was under twenty-one. Was she then in the service of her mother, in such sense that this action can be maintained?

The appellant cites *Hedges* v. *Tagg* (Law Rep., 7 Exch., 283; 2 Moak, 679) the head note of which is as follows: " The plaintiff's daughter was in service as a governess, and was seduced by the defendant while on a three days' visit, with the employer's permission, to the plaintiff, her mother. During her visit she gave some assistance in household duties. At the time of her confinement she was in the service of another employer, and afterward returned home to her mother. In an action for her seduction, brought by the mother, held, that there was no evidence of service at the time of the seduction, and therefore the action was not maintainable; that the action must also fail on the ground that the confinement did not take place whilst the daughter was in the plaintiff's service."

At a much earlier day, in *Dean* v. *Peel* (5 East R., 45), the English courts laid down a rule hostile to the plaintiff on the present point. In that case it was held that an action could not be maintained by the father for the seduction of his minor daughter, where she was living in the family of another, and

having no intention to return to her father's house, although she did return and was confined there.

The rule laid down in *Dean* v. *Peel* has never, in this State, been deemed to be a sound one. The case itself, and the principle of *Tagg* v. *Hedges*, have been expressly overruled in the higher courts of this State on three several occasions. (See *Mulvehall* v. *Millward*, 11 N. Y., 343, where the cases are cited.) The principle is there settled, that where there is an actual or constructive service, that is, where the child actually performs service, or where the parent is legally entitled to and has the right to require such service if he thinks fit, the cause of action exists. In that case, the minor daughter went to live with the defendant, was seduced by him while in his service, and remained absent till after her confinement, and there was no proof that the father expended anything on account of her sickness; it was held that the father could maintain the action. This decision is in the highest court of this State, and is conclusive upon us. I hold it also to be sound law, and based upon better sense than the English cases cited. I can myself see no difficulty in the double service and the double duty spoken of. Amanda Gray was in the general service of Mr. Davis. This continued till the end of January. During the few days of the early part of January, the mother resumed the control of her conduct, required the performance of service at her house in the attendance upon her younger child. The general duty was to Davis. The special and limited duty, for the few days, to the mother. She was actually and personally at the time in the service of her mother by performing domestic duties at her requirement and under her direction. If there was any hostility between the service to Davis and that to her mother (which I do not perceive), the duty to Davis had yielded and that to the mother was in the ascendant. On the subject of service, therefore, to the mother, I find no difficulty in the case under consideration.

But an important question remains. The action is based upon the loss of service. A seduction simply, if unaccompanied by a loss of service, gives no cause of action to the

parent. The injury for that offence, the loss resulting, the great wrong is to the daughter. The redress must, if any, be given to her. The basis of the parent's claim is the same as that for an injury to his son. If the son is injured so that he is unable to perform for the father those services the law authorizes him to require, an action is given against the person causing the injury. The compensation in either case is for the loss of service; and the moral wrong (the loss of character alone) does not justify an action. (*Sergeant* v. ——, 5 Cow., 116; 3 Bl. Com., 142, *n.* 13; *White* v. *Nellis*, 31 N. Y., 405.)

The question is not plainly brought before us, is a widowed mother entitled by law to the services of her minor child? But, rather, has she such a claim to the services of her child, when actually in her service, as gives a right of action against another who renders the child incapable of performing them? The first question is not free from doubt, and I am not prepared to express an opinion upon it. (See 1 Bl. Com., 453; 4 N. Y., 47; 31 Maine, 240; 14 Ala., 235; 4 Binney R., 488; Contra Reeves Dom. Rel., Gould ed., 1862, 420; 2 Kent Com., 190, 193, 217; 19 Wend., 306; 7 John. R., 157.)

The second one would seem to be reasonably clear upon the authorities. They establish the rule that when there is an actual performance of duty by the injured female to a parent, or to one standing *in loco parentis,* such person can sustain the action for a loss of service arising from her being debauched. Upon this principle it is held that the father can maintain an action for the seduction and confinement of a daughter after she became of age, who is in his actual service. (*Lipe* v. *Eisenlerd,* 32 N. Y., 229.)

In *Marvel* v. *Thompson* (2 Car. & P., 303) an action by an uncle was sustained under similar circumstances. In *Edmeston* v. *Mitchell* (2 Term R., 4) the action was brought by an aunt. In *Bracy* v. *Kibbe* (31 Barb., 273) the action was by the step-father. In *Irwin* v. *Deaman* (11 East, 23) the action was by one who had adopted the seduced person; and in *Sergeant* v. —— (5 Cow., 106) by the mother.

In *Lipe* v. *Eisenlerd* Judge DENIO uses this language: "It is not necessary that the arrangement by which the relation is established should have any permanent, binding force between the parties to it. If it exist in fact, and the immediate parties are acting under it at the time of the seduction, however imperfect its obligation may be, the defendant who, by his wrongful act, has interrupted it cannot set up that it was liable to be revoked at any time without the assent of the master" (p. 234).

The request made to the judge at the circuit was in broader terms than the facts of the case warranted. He was asked to charge that, as a matter of law, the plaintiff could not recover if the jury found that, at the time of the alleged seduction, the daughter was in the actual service of any other person than herself. He declined; but charged that, if a minor, the plaintiff could recover whether the daughter was in her service or that of any other.

The evidence in the case established, and it is so admitted on the argument, that the seduction occurred in the early part of January. The daughter was in actual service at that time. There was no ground for a request to charge as to the law in the case of a daughter who was not in such service. Whether the law, as laid down by the judge, was correct is therefore immaterial. The request and the charge must be based upon evidence given. There was none to justify this request.

On the other points raised I think there was no error at the circuit, and am for the affirmance of this judgment.

All concur.

Judgment affirmed.