## JAS. LOVE *v.* MARGARET D. MASONER.

1. SEDUCTION. *Evidence. What plaintiff may be required to answer.* A plaintiff in a seduction case, examined as a witness on her own behalf may be required to answer specific questions as to former acts of unchastity with designated men prior to her alleged seduction, there being no longer any criminal penalty attached to the offense of fornication in this State.

2. SAME. *Same. Mitigation of damages.* Acts of sexual intercourse between such plaintiff and others previous to her alleged seduction by defendant may be shown in mitigation of damages, whether they were known to the defendant or the public at this time or not.

Cases cited: Reed *v.* Williams, 5 Sneed, 580; Thompson *v.* Clendening, 1 Head, 287; Lea *v.* Henderson, 1 Cold., 146, overruled.

Code cited: Sec. 2801.

### FROM GREENE.

From the Circuit Court at Greeneville. E. E. GILLENWATERS, Judge.

A. H. WILSON for plaintiff in error.

McKEE for defendant in error.

Love *v.* Masoner.

NICHOLSON, C. J., delivered the opinion of the court.

This action was brought in the Circuit Court of Greene county by Margaret Masoner against Jas. Love, under sec. 2801 of the Code, to recover $5,000 damages for her own seduction.

The declaration contains two counts—one for seduction proper, and the other forcible, carnal knowledge. Two pleas were relied on—the general issue and the statute of limitations of one year. The jury found a verdict for $2,800 on the first count, on which judgment was rendered.

Defendant has appealed in error.

Margaret Masoner was examined as a witness in her own behalf. In the course of her examination by defendant's counsel, she was asked if she had not had sexual intercourse with several other men prior to her first intercourse with defendant, the names of the men and the times and places being specified. Objection being made, the witness was not required to answer, although in her previous examination she had said, without objection, that no person had ever had connection with her before.

Defendant afterwards introduced some four or five of the men before referred to as having had connection with her, and asked each one the question, giving times and places, as to his having had connection with plaintiff. The answers of the witnesses were all excluded upon the objection of plaintiff.

Defendant was also examined as a witness, and in the course of his examination he stated that he did

not know that he knew any thing against plaintiff's reputation at the time of his first going to her father's house, or when he had connection with her.

In his charge to the jury the judge said: "Acts of sexual intercourse with other men than defendant prior to her seduction by defendant, if unknown to him or the public, cannot mitigate his offense; but if such acts were known, either to defendant or the public, it is otherwise, and will mitigate the damages."

The errors mainly relied on for a reversal are assigned upon the rejection by the court of the evidence of previous acts of sexual intercourse by plaintiff with other men upon the charge of the court, which states the reason of the rejection of the testimony.

It is manifest that the Circuit Judge acted upon the authority of the case of *Lea* v. *Henderson,* 1 Cold., 146, in excluding the testimony offered, and in his charge to the jury. That was an action by the mother for the seduction of her daughter, in which the mother claimed the damages and not the daughter. In his charge to the jury in that case the Circuit Judge stated, in substance, "that if any other person had had intercourse with Nancy Cruze before her alleged seduction by the defendant, but that fact remained unknown to defendant, as well as to the public, at the time of the seduction, so that her character or reputation was not affected thereby at the time she was seduced by the defendant, then the fact of such intercourse with a different person prior to her seduc-

Love *v.* Masoner.

tion by the defendant should not be looked to by the jury in mitigation of the damages in the action."

In a suit by the parent for the seduction of a daughter the plaintiff may recover damages beyond the loss of services. Indeed, the loss of service is in most such cases merely imaginary: the real injury is the wound to the parent's feelings: 3 Phil., 533. "In point of form the action only purports to give a recompense for loss of service; but we cannot shut our eyes to the fact that this is an action brought by a parent for an injury to his child. In such a case I am of opinion," said Lord Eldon, in *Bidford* v. *McKowl*, 3 Esp. N. P. C., 119, "the jury may take into their consideration all that the parent can feel from the loss. They may look upon him as a parent losing the comfort, as well as the service of his daughter, in whose virtue he can feel no consolation, and as the parent of other children whose morality may be corrupted by her example."

When, therefore, the Circuit Judge told the jury, in the case of *Lee* v. *Henderson*, that proof of prior acts of sexual intercourse by the plaintiff with other persons could not be considered in mitigation of damages if the defendant and the public were ignorant of those prior acts, he meant that the damages which the mother in that action was entitled to recover were not to be affected by the fact that her daughter had been guilty of former acts of fornication, if those former acts were unknown to defendant and to the public.

This charge, upon appeal to the court, was assailed as incorrect, but Judge McKinney held it correct, say-

ing, "this principle, though said to be incorrect, is not shown to be so by any authority, or even by any reason satisfactory to our minds. The application of the principle is admitted to be a rigid one, but still we think it is correct in law, in ethics, and in reason." He adds: "The principle of the charge is no new principle. The charge only applies an established. principle to a new statement of facts. The general principle is that evidence is admissible of facts, and circumstances offered for this purpose ought to be those only which belong to the act complained of," and for this 2 Greenl. on Ev., sec. 266, is. cited.

The question arises whether the general principle that evidence is admissible of facts and circumstances only which go in aggravation or in mitigation of the *injury itself* was correctly applied upon the facts assumed in the charge? The facts assumed were that defendant had seduced plaintiff's daughter, but she had been guilty of unchastity with others before, yet these former acts of fornication had been concealed from defendant and from the public. The injury complained of by plaintiff was that defendant, by seduction, had robbed his daughter of her chastity, and thereby wounded his feelings as a parent, and deprived him of the society and the example of a virtuous daughter. But according to the assumed facts, the daughter had lost her chastity by former acts of sexual intercourse. This was unknown to defendant, who proceeded upon the belief that plaintiff's daughter was surrendering her chastity to him. His guilt may be none the less, unless the fact that she had already yielded her virtue

to others rendered her more easily accessible by defendant. In this point of view, proof of former acts of fornication might be competent upon the question whether plaintiff's daughter yielded her virtue willingly, or as to what amount of persuasion or importunity was requisite to induce her to yield. It cannot be held that the man who prevails by arts, persuasion, and entreaties upon a woman who has yielded before to such appliances should be held equally guilty and equally responsible with him who by flattery or false promises has first robbed the virgin of her chastity. It seems to us clear, in the aspect of .the case, that in ascertaining the degree of defendant's guilt in the perpetration of the injury, and, consequently, in assessing the damages for the injury, the fact that plaintiff's daughter had been guilty of former acts of fornication goes directly in mitigation of the injury itself, and belongs to the act complained of, as proper to be considered in determining the extent of the injury. In another view we think the evidence of former acts of fornication by plaintiff's daughter· were competent, although unknown to defendant and to the public. The injury complained of by plaintiff was the loss of a virtuous daughter, and of her companionship and example to the other children, and the wound to the feelings of the parent .produced by this injury. The rejected proof, however, would show that plaintiff was under a delusion as to the virtue of his daughter, she had already surrendered her chastity before she yielded to the embrace of defendant. Can it be said that the injury to a parent whose really virtuous

daughter has been overcome and debauched by the
appliances of the seducer is not greater than the se-
duction of one who had already lost the jewel of
chastity? The fact that she was not virtuous when
last seduced connects itself directly with the injury
complained of, as a circumstance in mitigation of the
damages. The circumstance that the defendant and
the public were ignorant of her former derelictions,
cannot alter the fact that she had ceased before to be
a virtuous woman. The damages are to be governed
by the real injury, and not by the estimate placed by
a deluded parent upon the character of a daughter
whom he regarded as virtuous, but who had only
maintained the appearance of virtue by concealing her
unchastity from her parents and the public.

But how does this question stand upon the author-
ities? In the case of *Reed* v. *Williams*, 5 Sneed, 582,
Judge McKinney laid down the law as follows: "That
the general character of the female for chastity is con-
sidered to be involved in the issue, and may, there-
fore, be impeached by general evidence. But she
cannot be interrogated as to acts of unchastity with
others; though the persons who may have had criminal
intercourse with her may be called to testify to the
facts. The impeachment of her chastity, however,
would not go to defeat the parent's right of action,
but only in mitigation of damages." For this prin-
ciple 2 Greenl., sec. 577, is cited, which fully sus-
tains it.

The doctrine is here broadly asserted that persons
who have had criminal intercourse with plaintiff's

daughter may be called in "to testify their own criminal intercourse with her, and the time and place."

In a note to 2 Greenl. on Ev., sec. 577, we find the following from Taylor on evidence: "In modern times it has frequently been held that in an action for seduction, and on indictments for rape, the principla female witness might be cross-examined with the view of showing that she had previously been guilty of incest with the defendant, or even with other men, or with some particular person named; and when she has denied the facts imputed, witnesses have been called for the purpose of contradiction." In support of this numerous authorities are cited.

In actions of criminal connection the husband puts the character of his wife in issue, just as the father does that of his daughter in actions for seduction, and the rules of evidence are the same. In actions of criminal connection the defendant may show, in mitigation of damages, the bad character of the wife, either generally, or by proof of particular instances of unchastity: 2 Greenl., sec. 56.

In Phil. on Ev., vol. 3, p. 533, we find the following: In another case it was held by Lord Ellenborough that where a specific breach of chastity is found by the defendant's witness (as that the daughter has had a criminal connection with another person before her acquaintance with the defendant), still that evidence of general character is not admissible, and that the plaintiff ought to be restricted to the disproving of the specific breach of · chastity alleged by the defendant. Such general evidence, however, has

been admitted in several cases, where the daughter has been charged with acts of misconduct or prostitution with other persons than the defendant, as where the charge has been conveyed by means of the cross-examination of the daughter, or where witnesses "have been called to speak to the facts."

Evidence of the circumstances of the seduction may be given, and the defendant may show that the previous conduct of the girl was lewd and lascivious: *Bracy* v. *Ribbe,* 31 Barb., 273.

In a case for seduction, evidence of the intercourse of the plaintiff's daughter with other men may be given in evidence under the plea of not guilty: *Berry* v. *Watkins,* 7 C. & P., 308, cited in note, p. 633, Sedgwick on Damages.

In the case of *Thompson* v. *Clendenning,* 1 Head, 295, a witness was allowed, without objection, to prove that he had had criminal intercourse with plaintiff's daughter prior to the time when defendant was charged with her seduction. The attention of this court was called to the testimony in a manner which shows that it attached much importance to it.

Without multiplying authorities on this question, we have referred to a sufficient number to show an unbroken current in support of the proposition that acts of unchastity by the seduced party prior to her seduction by the party sued are legitimate proof in mitigation of damages, and in no case do we find that the competency of this proof is made to depend upon the knowledge of the defendant or of the public, or to the previous acts of unchastity.

We are constrained, therefore, upon reason and authoritity, to dissent from the holding in the case of *Lee* v. *Henderson.*

It is proper, however, to remark that in the present case the plaintiff is the party who claims damages for her own seduction, and for that reason occupies a different position from that occupied by the plaintiffs in the cases which we have been considering. She comes forward, averring that she had a fair name and reputation for virtue and chastity, and that defendant, by his artful and deceitful appliances, has seduced her into the surrender of her virtue, and, consequently, of her good name, and for this she claims compensation in damages.

In such a case the reasoning and the authorities already adduced apply with greater certainty and force than in the cases where the parent is the plaintiff claiming damages, and the daughter merely a witness to support the claim. The result of our examination of the case is, that the Circuit Judge erred in excluding the proof of acts of unchastity by the plaintiff prior to her alleged seduction by defendant, and that the charge on this subject was also erroneous.

The Circuit Judge also refused to require the plaintiff to answer specific questions as to former acts of unchastity with designated men prior to her alleged seduction. It has been decided several times in this State that the witness in such a case is not compellable to answer such questions, for the reason that we had a statute which made fornication a penal offense, and that a witness should not be made to criminate

him self. We have now no such statute, and fornication no longer punishable except civilly. This being so, we know no sufficient reason why a plaintiff who comes forward to make out her case by her own testimony should not be subjected to the same rules in her examination as other witnesses. The great object sought to be reached in every case is its truth, and if the plaintiff in a seduction case chooses to rely upon her own evidence, she should not be allowed to defeat the ends of justice by withholding any part of the truth of the case. If she can answer truly that she has kept her chastity intact until the defendant despoiled her, she ought to have the full benefit of her own vindication. If, on the contrary, she has been guilty of former acts of unchastity, she ought not to be allowed to suppress the truth, or if she does she ought to be subject to contradiction by other witnesses.

For the errors indicated the judgment will be reversed and a new trial awarded.