## LAMPMAN V. HAMMOND.

*Seduction — when mother may maintain action for.*

Defendant seduced the daughter of plaintiff. The daughter was sixteen years old and in plaintiff's employ, her father was dead and plaintiff had remarried. Plaintiff, however, controlled and supported the daughter, and defendant had always accounted to plaintiff for the daughter's wages. *Held,* that plaintiff had a right of action for the seduction.

EXCEPTIONS ordered to be heard in the first instance at the general term.

The action was brought by the plaintiff, Elizabeth Lampman, to recover damages for the seduction of her minor daughter, whom the defendant, on March 26, 1872, seduced and got with child. Sophie Schumaker, the person seduced, was aged sixteen years, and was the daughter of the plaintiff by her former husband who died twelve years prior thereto. At the time of the seduction the said Sophie was in the employ of the defendant, in his house, under an agreement made by the defendant with the plaintiff, whereby the said Sophie was to remain during the pleasure of the plaintiff, and defendant was to pay to the plaintiff $2.50 per week for her labor. Since the death of Sophie's father the plaintiff had supported her out of her separate estate, and Sophie had lived with her mother subject to her commands, and had worked for her and for other persons under her direction. The plaintiff, during all the period of time in question, owned a separate estate and carried on a separate business of her own, and Sophie continually rendered to her her services therein. Prior to the seduction, the plaintiff married John Lampman, her present husband, who was a feeble old man, destitute of property, and dependent on the plaintiff and his own relations for his support, he living a part of the time with them and a part of the time with the plaintiff who, at such times, supported him out of her own separate business and estate. In the month of December, 1872, the said Sophie, while at home with her mother, and in her actual service, was delivered of said child, and was there nursed and provided for by her mother, who paid her lying-in expenses.

The action was tried before Mr. Justice BARKER and a jury, at

the Cattaraugus circuit, in May, 1873.    The jury found a verdict in plaintiff's favor for $400 damages.

*E. D. Northrup,* for plaintiff.

*Allen D. Scott,* for defendant.    The action was not maintainable upon the relation of parent and child, but only upon that of master and servant.    *Williams* v. *Hutchinson,* 3 N. Y. 312; *Gray* v. *Durland,* 51 id. 424; *White* v. *Nellis,* 31 id. 405 ; 2 Blackst. Com. 433 ; 1 Pars. on Contr. 101.    Such relation did not exist between the daughter and mother.    *Yale* v. *Dederer,* 18 N. Y. 265 ; *Mulvehall* v. *Millward,* 11 id. 343 ; 4 id. 38 ; *Dain* v. *Wyckoff,* 7 id. 191 ; *Blake* v. *Ferris,* 5 id. 49 ; *Nickleson* v. *Stryker,* 10 Johns. 115 ; *Lipe* v. *Eisenlerd,* 32 N. Y. 229.    The mother being remarried, on that account could not maintain the action.    *Williams* v. *Hutchinson,* 5 Barb. 122 ; *Gates* v. *Davenport,* 29 id. 160 ; *Bartley* v. *Richtmyer,* 4 N. Y. 38.

E. DARWIN SMITH, J.    If the plaintiff was the father of the young woman seduced, his right of action would be undeniable and probably unquestioned.

Such right of action is based on the relation of master and servant, and not upon that of parent and child, but the father may maintain the action for the seduction of his minor daughter upon the presumption, without proof, of a loss of service, because he is entitled to command such service.    *Bartley* v. *Richtmyer,* 4 N. Y. 38 ; *Mulvehall* v. *Millward,* 11 id. 346 ; *White* v. *Nellis,* 31 id. 406.

The real question in the action is, can the mother, after the decease of the father, maintain such action.

In Reeve's Domestic Relations, p. 293, it is said : " This action is maintainable, where the father is deceased, by any one who stands in *loco parentis,* as by a mother or aunt."    Also, see 2 Kent Com. 205.    On the death of the father, during the minority of the child, his authority and duty, by the principles of natural law, devolve upon the mother.    Id. 206.

While a minor daughter is living with her mother, after the decease of her father and while her mother is acting as her guardian, in fact in taking care of her, controlling her time, nurture and education, and the daughter is yielding to her the obedience and service of a child to her parent, the mother must be entitled to maintain this action, for loss of services and through that species of fiction for the greater injury done to her by the seduction and ruin of her

daughter, and the disgrace brought upon her and her family. *Gray* v. *Durland,* 50 Barb. 102; S. C., 51 N. Y. 424.

The fact that the plaintiff, since the decease of the father of the seduced daughter, has intermarried again and has a second husband living, does not, I think, under the circumstances of this case, affect the question or change the rule. The proof in the case shows, that though the plaintiff has nominally a second husband living, she is really the head and support of the family; that she in fact owns and is possessed of a farm, which she carries on and cultivates as her own, and as her own separate business and estate; and that the daughter seduced was but sixteen years of age, and was at work for the defendant, upon a contract for wages made with him by the plaintiff at $2.50 a week, which wages were payable and paid to the plaintiff, and the contract of service was to continue during her pleasure.

The daughter, while thus at work for the defendant, at the time of her seduction was really in law and in fact in the service of her mother, in respect to the wages she was earning, and which, by contract, the defendant was bound to pay to her. The defendant had thus recognized the plaintiff's right to the services of her daughter, and cannot be permitted to deny that right after the seduction, to avoid the consequences resulting from his abuse of the trust reposed in him by this mother.

The plaintiff, I think, is fully entitled to maintain this action within the principle asserted in the case of *Gray* v. *Durland, supra,* and of *Fensler* v. *Moyer,* 3 Watts & Leavy, 416; *Manvell* v. *Thomson,* 2 C. & P. 303; *Ingersoll* v. *Jones,* 5 Barb. 663; *Sargent* v. *Dennison,* 5 Cow. 106; and notwithstanding the fact that the plaintiff is a married woman within the case of *Badgley* v. *Decker,* 44 Barb. 577. We have no doubt that this action was properly brought and was correctly disposed of at the circuit, and that a new trial should be denied and judgment ordered upon the verdict.

*New trial denied.*