### ELDER v. WARNER.

(Supreme Court, Special Term, New York County. May, 1911.)

1. SEDUCTION (§ 7*)—RIGHT TO RELIEF—RESIDENCE.

Where a minor child, at the time of her seduction, was temporarily living in a boarding house, while plaintiff, her divorced mother, was reestablishing their home in another city, the daughter having previously lived with plaintiff and kept house for her, and intending to reside with plaintiff again as soon as a new apartment could be secured, her temporary absence did not deprive plaintiff of her right to maintain an action for her seduction.

[Ed. Note.—For other cases, see Seduction, Cent. Dig. §§ 9–14; Dec. Dig. § 7.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. SEDUCTION (§ 7*)—PARENT'S RIGHT TO RELIEF—LOSS OF SERVICE.

Mere nominal loss of service by a parent, owing to the seduction of her minor daughter, is sufficient to justify a recovery therefor; the real, as distinguished from the legal, gravamen of the cause of action being the mortification, disgrace, and injury to the sentiments, etc.

[Ed. Note.—For other cases, see Seduction, Cent. Dig. §§ 9–14; Dec. Dig. § 7.*]

3. SEDUCTION (§ 13*)—ACCRUAL OF CAUSE OF ACTION.

Where plaintiff's minor daughter became enceinte as a result of defendant's seduction, plaintiff was entitled to sue therefor at once, without waiting until pregnancy was so far advanced that the daughter was no longer able to render service.

[Ed. Note.—For other cases, see Seduction, Cent. Dig. § 26; .Dec. Dig. § 13.*]

Action by Florence T. Elder against Philip A. Warner.. On motion to vacate an order for arrest. Denied.

Henry C. Quinby (John F. Valient, of counsel), for the motion.
Frederick W. Periner, opposed.

GIEGERICH, J.  In an action brought by a mother, divorced from her husband and given the custody of the daughter, against the defendant for damages for seducing the daughter, an order of arrest was obtained, and the present motion is made to vacate such order of arrest.

[1] The plaintiff and her daughter have been living for a number of years in Philadelphia, where they kept house together; the plaintiff being engaged in the insurance business, while the daughter did the housework.  A few months ago, for business reasons, the plaintiff came to New York, and, pending the re-establishment of their home here 'in New York, the daughter spent a few weeks in a boarding house, and it was during that time that the seduction complained of took place.  Inasmuch as the daughter was only temporarily away from the mother, with whom she had been living, and with whom she was to live again as soon as an apartment was secured in New York, such temporary absence does not deprive the parent of the right to maintain this form of action.  In this respect the case is like Lipe v. Eisenlerd, 32 N. Y. 229, 233, and unlike Nickelson v. Styker, 10 Johns. 115, 6 Am. Dec. 318, relied upon by the defendant, but distinguished in Lipe v. Eisenlerd, supra.

[2] I am also of the opinion that enough is shown in the way of loss of service to support the action.  A very slight loss of service is sufficient.  As was said in Lipe v. Eisenlerd, supra, the loss of service is often merely nominal, though the damages recovered for the mortification and disgrace and injury to the sentiments may be large; and in Holliday v. Parker, 23 Hun, 71, approval was given to the statement that the legal gravamen of the action is not the real gravamen, and that it is often spoken of as an action resting upon a fiction.

[3] The argument, made on behalf of the defendant, that the action was prematurely brought, and that the court should take judicial notice of the fact that the daughter could not be incapacitated from

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

performing for the plaintiff the household services she was expected to perform until her pregnancy was further advanced than it was at the time this action was commenced, does not deserve any attention.

The motion is denied, with $10 costs.