14   33
144   401

## ROBERTS v. CONNELLY.

1. An action on the case, for the seduction of a daughter, cannot be maintained upon the relation of parent, and child, but only on the relation of master and servant.

2. This relation is sufficiently established, if it appear, that the parent, at the time of the seduction, had the right to control the services of the daughter.

3. A daughter, at the age of eight or nine years, left the residence of her mother, at the suggestion of friends, because the mother was a common prostitute, and went to reside in the family of the defendant, where she continued until she was seventeen, or eighteen years of age, when she was seduced by him, left the State with him, and went to Louisiana, where she was delivered of a child. From the time she left her mother's house, there was no intercourse between the mother and daughter, and the mo-

ther continued, and now is a prostitute. Held, that the mother could not maintain the action.

Error to the Circuit Court of Lowndes. Before the Hon. E. Pickens.

THIS was an action brought by the defendant in error, against the plaintiff in error, for the seduction of the daughter of the defendant.

On the trial, a bill of exceptions was sealed by the presiding judge, which presents the following facts: The defendant in the court below, offered evidence tending to show, that the plaintiff was a woman of profligate principles, and dissolute habits, and was a common prostitute, and had been from the year 1835, or 1836, up to the time of trial, and has kept a house in Montgomery for many years, for the purpose of prostitution. There was also proof tending to show, that her daughter, Clara Rosa, whom it was alledged the defendant seduced, by the interference of some respectable friends in Montgomery, with the design that she might escape the pernicious influence of the example of her mother, about the year 1838, when about eight or nine years old, left the residence of her mother, and ever afterwards resided in the family of the defendant; and that there had been no intercourse whatever, between the mother and the daughter, since that time. That the daughter left Alabama in 1847, in company with the defendant, and went to Louisiana, where she has since resided, and that she is still a minor, and in Louisiana has been delivered of a bastard child.

There was also proof tending to show, that the daughter left her mother with the approbation of the latter, and that the daughter never manifested any intention of returning to the residence of the plaintiff.

It was also shown, that the father of the daughter left the city of Montgomery many years ago, in bad health, and it was reported that he was dead, and it was believed that he died several years before the bringing of this suit.

Upon this evidence, the court charged the jury, that the plaintiff could maintain the action, if the daughter was a mi-

nor, and that it was not necessary to prove, that the daughter rendered the mother actual services.

The court also charged the jury, that although he had permitted the lewd character of the plaintiff to be given in evidence, in mitigation of her damages, it was for them to determine what weight this evidence should have, in mitigation of the damages, if they should find for the plaintiff; and that it was for them to say, whether the damages should be the same under the circumstances of this case, as if the daughter had resided with the mother; that all these matters were for their consideration, and the court would not undertake to say what influence they ought to have, in the assessment of damages.

The court also informed the jury, that they were not confined in the assessment of the damages, to the actual damages sustained by the plaintiff, but might take into consideration, the influence their verdict might have on the public morals in preventing similar offences. To these charges the defendant excepted.

The defendant requested the court to charge the jury :—

1. That they should only give such damages as the plaintiff had actually sustained.

2. That the plaintiff could not maintain this action without proof of actual service by the daughter.

3. That if the jury believe, that the plaintiff is of lewd character, she was unfit to be the guardian of her daughter, and that she could not recover, unless she had actually suffered a loss of services, or incurred expenses, in consequence of the seduction.

The court refused to give these instructions, and the plaintiff excepted. This is now assigned as error.

GILCHRIST, for plaintiff in error, relied upon the following authorities : 2 Greenl. Ev. 474 ; 3 Stephens's N. P. 2353, and cases there cited ; Postlethwaite v. Parks, 3 Burrows's R. 1878 ; Dean v. Peel, 5 East, 45 ; Phipps v. Garland, 3 Dev. & Bat. 44 ; McDaniel v. Edwards, 7 Iredell, 408 ; Logan v. Murray, 6 Serg. & R. 175 ; 3 Blackstone's Com. 142, note 29 ; 2 Greenl. Ev. 476, and cases cited. Greenl. on Evid. 475 § 529, and cases there cited.

Roberts v. Connelly.

In addition to all the authorities relied upon to sustain the first assignment of error, the following are also referred to: 2 Kent's Com. 190, 203; Ib. 163-4, 206, 220; 1 Black. Com. 453. A mother, as such, is entitled to no power, but only to reverence and respect.

Yancey, for defendant in error.

The mother has the second title to the guardianship of her minor children, by nature, which becomes paramount upon the death of the father. Heirs of Capel v. McMillan, 8 Por. 205; Jones & Gully v. Tevis, 4 Litt. 27; Dedham v. Natick, 16 Mass. 139; Nightingale v. Wittington, 15 Mass. 274; Volentine v. Bladen, Harper, 9; 2 Kent's Com. 205, 220.

In an action for seduction, *per quod*, if the daughter is a minor, proof of service, or of actual loss of service, is not required. Hewitt v. Prince, 21 Wend. 79; Hallowell v. Abell, 32 Eng. Com. L. 615; Anderson v. Ryan, 3 Gilman, 583; Clark v. Fitch, 2 Wend. 459; 1 Mood. & M. 323; Martin v. Payne, 9 John. 387; Sargent v. Denison, 5 Cow. 106; 8 Serg. & R. 36.

Emancipation of a child, a minor, will not be presumed, but must be proved. Sumner v. Sebec, 3 Greenl. 226; 8 Sergt. & R. 40.

In an action for seduction, the character of the parent cannot be put in issue, to show no right of action in the parent; nor to mitigate damages, unless the party offering the evidence connect it with the character of the daughter, or the act complained of. 2 Starkie on Ev. 367-69.

The authorities upon which the principle in 2 Greenl. on Ev. 476, (upon which the plaintiff relies,) is made to rest, do not sustain it. See 1 Campbell, 460; 2 Ib. 519; 2 Caine, 219.

Corrective damages may be given, in an action of this kind, for the sake of example. The providence of courts will permit the private remedy to be made the instrument of public correction. McBride v. McLaughlin, 5 Watts, 375; Sedg. on Dam. 489; Conard v. Pacif. Ins. Co. 6 Peters, 272; Bedford v. McKowl, 3 Esp. N. P. C. 119.

DARGAN, J.—The question is settled beyond all doubt,

that an action on the case for the seduction of a daughter, cannot be sustained, upon the relation of parent and child; but can be maintained by the parent only, on the relation of master and servant. See Greenl. Ev. § 574; 9 John. 387; 5 Cowen, 106; 8 S. & R. 36; 3 Dev; & Bat. 44; 2 Watts, 474.

But this relation of master and servant is sufficiently established, if it appear that the parent, at the time of the seduction, had the legal right to control, or command the services of the daughter, and it is not necessary to prove actual service rendered by the daughter, or that the seduction took place whilst the daughter was residing at her fathers. See 9 John. 387; 5 Cow. 106; 9 S. & R. 36.

This is a relaxation of the English rule, which requires that there should actual service be proved, or that the daughter, being a minor, resided with her father; and if it appear, that the daughter did not reside with the parents, but lived permanently away from them, then this action cannot be maintained. See 3 Stark. Ev. 989, title Seduction. We approve of the rule as recognized by the American courts, that the action can be maintained, on showing that the parent has the legal right to command the services of the daughter, and that the relation of master and servant is sufficiently established by proving this legal right. Indeed, it is admitted in England, that the service is a mere fiction, or the medium through which damages are given, to compensate, to some extent, the wounded honor and feelings of the parent. And if this be so, we think the rule in the American courts is placed upon the proper ground; that it is not the actual rendition of service, but the legal right of the parent to command that service. Hence, if a minor daughter is seduced, although she did not reside with her father, yet if he had the legal right to command her return to his house, or to command her services, he can maintain this suit, upon the relation of master and servant; for this legal right in the father sufficiently establishes the relation. Hence it is only necessary to determine, whether the plaintiff, under the circumstances disclosed by the record, had the legal right to command the services of her minor daughter.

The facts presented by the bill of exceptions show, that

the daughter, at the age of eight or nine years, left the residence of her mother, at the suggestion of some friends of the family, to avoid the influence of the example of the mother, who then had become, and still is, a common prostitute. The daughter at that age, with the approbation of the mother, went to reside in the family of the defendant, where she continued until she was seventeen or eighteen years of age, when she was seduced by the defendant, and left the State with him, and went to Louisiana, where she was delivered of a child, and she still resides there. From the time the daughter left the residence of the mother until now, there has been no intercourse between her and her mother, nor does it appear that it was intended by either the daughter or the mother, that the daughter should ever return; and we are now to determine, whether the mother, under these circumstances, the father being dead, has the legal right to command the services of the daughter, and we are clearly of opinion she has not. The daughter left her home at a tender age, in consequence of the profligate conduct of the mother, with no intention of returning; for many years no intercourse between the mother and daughter has taken place. The mother yet continues her profligate life. If the daughter had not erred, could it be tolerated that the mother could command her to return to a common brothel, or that the mother should have the right to control her services, select the occupation she should follow, or the place she should reside in? Or even now, that she could command the return of her daughter, although this return might destroy the last hope of reformation?

Upon the first view of this case, my impression was, that the law could not permit such conduct as the record shows the plaintiff in error to have been guilty of, to go altogether unpunished. But upon an examination of the case, we find that we must hold, that this mother yet retains the right to command and control the services of the daughter, before we can permit her to maintain this suit.

Indeed, if the daughter resided permanently apart from her mother, and without any intention of returning, and is seduced, the authorities all concur, that the mother cannot maintain an action for the seduction, although she herself

Roberts v. Connelly.

may be blameless. This is the well established rule in England, and has been recognized by many American decisions. See 2 Greenl. Ev. 473; 3 Stark. Ev. 989, tit. seduction; 4 Binney's Rep. 487; 2 Kent, 190, 203. In the case of Lowth v. Denniston, 2 Watts's Rep. 474, a minor daughter, the father being dead, left the residence of her mother, and went to reside with the family of the father of the defendant. She remained in his family from the time she was eleven years old until she was eighteen, and was then seduced by the defendant; and in consequence of it, returned to her mother, who brought suit for her seduction. It was determined that the suit could not be maintained. Chief Justice Gibson, who delivered the opinion of the court, examined the decision in 5th Cowen, 106, and denied that it was the law. He admitted, that the right to command, or control the services of the daughter, was sufficient to establish the relation of mistress and servant: but denied that the mother had this right, by the rules of the common law. For this right to the services of the daughter, must spring from the correlative duty of the mother, to support her daughter, although grown up to womanhood; and the common law fixes no such duty on the mother. The supreme court of North Carolina came to the same conclusion in the case of Phipps v. Garland, 3 Dev. & Bat. 44. The court say, that to maintain this action, the relation of master and servant must exist either actually or constructively; and if this relation does not exist, the suit cannot be maintained.

After examining the case of Sargent, in 5th Cowen, we find it difficult to reconcile it with well established principles of law. In that case, the daughter, a minor, was bound as an apprentice by deed, and lived separate from her mother. She was seduced, and her pregnancy being discovered, the articles of apprenticeship were canceled, and she returned to her mother, who brought case for her seduction. The court held, that the mother could recover the expenses incident to the birth of the child, and the sickness of the daughter, but admitted, that if the deed of apprenticeship had not been canceled, the suit could not have been maintained. Now, the

cancellation of the deed took place two or three months after the tortious act was committed, and the defendant was in no wise connected with the cancellation of it. How this could give the mother a right of action, is difficult to perceive. The right of action must accrue when the wrongful act is done; if it does not then accrue, it cannot be given by the act of another, and with which the wrong doer was not connected. It is evident that the relation of mistress and servant did not exist at the time the daughter was seduced, 'and as this relation must exist, in order to maintain this suit, we agree with the supreme court of Pennsylvania, that the case in 5th Cowen cannot be maintained, as a just exposition of the law.

We have seen that the relation of mistress and servant does not exist, in fact or in law, between the defendant in error and her daughter, and did not, at the time of the seduction of the daughter; consequently, she cannot maintain the suit, unless she establishes that relation. We may regret that the law will permit such conduct as the plaintiff in error has been guilty of to go unpunished, yet it is our duty to declare the law, and if it be defective the law making power must provide the remedy.

Let the judgment be reversed, and the cause remanded.