**MARTIN v. STATE. (6 Div. 210.)**

(Court of Appeals of Alabama. May 29, 1923.)

1. Seduction ⬤29—What necessary for conviction stated.

Under Code 1907, § 7776, defining and punishing seduction, the woman must be unmarried, chaste at the time of the seduction, and the seduction must be accomplished by one or more of the means specified in the statute.

2. Seduction ⬤40—Bill and decree of divorce of prosecutrix rendered after seduction inadmissible against defendant.

In a prosecution for seduction under Code 1907, § 7776, where it was contended that the seduction was accomplished by a promise of marriage and that the woman was at the time married to another, a bill and decree of divorce rendered subsequent to the seduction was not evidence against defendant of any fact set out therein.

3. Marriage ⬤13—Marriage by consent followed by cohabitation sufficient without ceremony.

Marriage may be contracted in Alabama without ceremony or solemnization, by consent of the parties, and followed by cohabitation.

4. Marriage ⬤13—Marriage valid at common law, though not in conformity to statute, valid in Alabama.

Marriages valid at common law, although not in conformity to statute regulations, are valid in Alabama.

5. Seduction ⬤36—Subsequent marriage of parties bars prosecution for seduction under promise of marriage.

Where seduction was accomplished under promise of marriage, and the promise has been kept and performed, no prosecution can be allowed or conviction had after such marriage.

6. Seduction ⬤42—Evidence of want of chastity of prosecutrix admissible.

In a prosecution for seduction under promise of marriage, it was permissible for defendant to introduce evidence of the want of chastity of prosecutrix at the time of the alleged seduction.

7. Criminal law ⬤304(5)—Judicial notice not taken that place, not an incorporated town or city, is located in a certain county.

The court will not take judicial notice that a certain place, not an incorporated town or city, is located in a certain county.

8. Criminal law ⬤826—Not error to refuse affirmative charge for failure to prove venue, where request not made before argument concluded.

It was not error to refuse the affirmative charge in a prosecution for seduction on the ground of the state's failure to prove venue, where it did not affirmatively appear that the request was made before the argument was concluded, as required by Circuit Court rule 35.

9. Seduction ⬤42—Evidence of birth of child inadmissible in prosecution for seduction.

In a prosecution for seduction, evidence that subsequent to the seduction prosecutrix gave birth to a child was inadmissible.

Appeal from Circuit Court, Jefferson County; Ben D. Turner, Judge.

Hollie Martin was convicted of seduction, and appeals. Reversed and remanded.

Horace C. Wilkinson, of Birmingham, for appellant.

The undisputed evidence shows that the prosecutrix had illicit relations with the appellant's brother about nine days prior to the occasion complained of. She was therefore unchaste, and appellant was entitled to the general affirmative charge. Code 1907, § 7776; Wilson v. State, 73 Ala. 527. The word "unmarried" in the statute means a woman who has never been married; and, it being shown that the prosecutrix was not an

unmarried woman, appellant was entitled to the affirmative charge. Jennings v. Com., 109 Va. 821, 63 S. E. 1080, 21 L. R. A. (N. S.) 265, 132 Am. St. Rep. 946, 17 Ann. Cas. 64; Stewart v. State, 18 Ala. App. 622, 93 South. 274. Evidence that subsequent to the alleged seduction prosecutrix gave birth to a child is highly prejudicial and inadmissible. Davis v. State, 18 Ala. App. 482, 93 South. 269; Maske v. State, ante, p. 75, 95 South. 204. The marriage of the parties subsequent to the seduction, although followed by the desertion of the husband, is a good defense to a prosecution for the crime. People v. Gould, 70 Mich. 240, 38 N. W. 232, 14 Am. St. Rep. 493; Com. v. Eichar, 4 Clark (Pa.) 326. Appellant was entitled to show the bad character of the sister, family, and associates of the prosecutrix. Jeter v. State, 52 Tex. Cr. R. 212, 106 S. W. 371; Caviness v. State, 42 Tex. Cr. R. 420, 60 S. W. 555; State v. Bige, 112 Iowa, 433, 84 N. W. 518.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The defendant, appellant, was indicted, tried, and convicted of seduction. At common law the woman was considered particeps criminis in an offense of this kind, and the man was not punished criminally for his participation in the joint delinquency.

"But in the process of time, experience, and a more enlightened public, sentiment showed that in many instances unmarried females of chaste character needed the protection of the strong arm of the law to shield them in their innocency from the lustful machinations of evil-disposed men, who resorted to the blandishments of courtship and false promises of marriage to accomplish the ruin of their too confiding victims."

Statutes were enacted designed to punish criminally the man who by promise of marriage or other deceptions induced an unmarried woman who is chaste to surrender her person to the gratification of his passion.

Section 7776 of the Code of 1907, defining and punishing the offense of seduction, is as follows:

"Any man who, by means of temptation, deception, arts, flattery, or a promise of marriage, seduces any unmarried woman in this state, must, on conviction, be imprisoned in the penitentiary for not less than one nor more than ten years; but no indictment or conviction shall be had under this section on the uncorroborated testimony of the woman upon whom the seduction is charged; and no conviction shall be had if on the trial, it is proved that such woman was, at the time of alleged offense, unchaste."

[1] The woman must be unmarried, chaste at the time of the alleged seduction, and it must be accomplished by one or more of the means specified in the statute. Stewart v. State, 18 Ala. App. 622, 93 South. 274.

The evidence showed that on December 18, 1917, the prosecutrix was married to one Norrell, and that she lived with him as his wife until June, 1921. There was no legal evidence in this case to establish the contention of prosecutrix that, at the time of the marriage ceremony of Norrell to her, he had a former wife living from whom he had not been divorced. The only evidence of this fact was the bill in equity filed by prosecutrix against Norrell in 1921 seeking to have annulled the contract of marriage, and the decree of annulment rendered by the circuit court in equity.

[2] The defendant objected to the introduction in evidence of the bill and the decree, and moved to exclude each. The bill is to be regarded merely as suggestions of counsel, and was not evidence of any fact alleged in it between the same or other parties in another suit. The decree was rendered subsequent to the alleged seduction. It was not evidence against this defendant of any fact set out therein. Cooley v. State, 55 Ala. 162; Stetson v. Goldsmith, 30 Ala. 602. The circuit court erred in allowing both the bill and the decree to be read in evidence. Without this evidence, the prosecutrix was shown to be a married woman.

No doubt the trial court allowed the case to go to the jury upon the theory that Norrell's wife, Rose Judge Norrell, had obtained a decree of divorce from him in which there was no provision allowing him to remarry and that his marriage to prosecutrix was void, and therefore that she was an unmarried woman at the time of the alleged seduction.

For the purposes of another trial these questions will be here decided. If Norrell's wife obtained a decree of divorce against him which provided for her marrying again, not having provided that he could marry again, his attempted marriage to prosecutrix was void, and she (prosecutrix) did not become his wife, and of course was not his wife at the time of the alleged seduction. Barfield v. Barfield, 139 Ala. 291, 35 South. 884. If she was not legally married to Norrell, she was an unmarried woman within the meaning of the statute, although she thought she was married to him and lived with him as his wife.

Prosecutrix claimed she surrendered her body to defendant because of his protestations of love and promise of marriage. If prosecutrix was not married to Norrell, was she married to defendant at any time? The time of the seduction was fixed by her as about August 28, 1921. The prosecutrix testified, and the undisputed evidence showed, that subsequent to this date and in the month of November, 1921, she and defendant lived together for three or four weeks as husband and wife, that she went under his name, was

known as Mrs. Martin, claimed him as her husband, and he claimed her as his wife, they held themselves out to the public—the people who knew them, everybody they came in contact with—as husband and wife. During this period the defendant went to Bessemer and sought from the probate clerk a license to marry prosecutrix. In reply to a question as to whether either party had been married, he stated to the clerk that the woman had been married but a decree had been entered about 30 days previously in the circuit court in equity annulling the marriage; the clerk thereupon refused to issue the marriage license because, as he stated, 60 days had not expired since the rendition of the decree.

[3] Marriage may be contracted in Alabama without ceremony or solemnization, by consent of the parties, if followed by cohabitation. Farley v. Farley, 94 Ala. 501, 10 South. 646, 33 Am. St. Rep. 141; Wilkins v. State, 112 Ala. 55, 21 South. 56.

[4] The general rule prevailing in this state is that marriages valid at common law, although not in conformity to statutory regulations, are valid. Beggs v. State, 55 Ala. 108.

The requisites of a common-law marriage are stated in 26 Cyc. 836, 837, as follows:

"To constitute a marriage good and valid at common law—that is, in the absence of a statute otherwise specifically providing—it is not necessary that it should be solemnized in any particular form or with any particular rite or ceremony. All that is required is that there should be an actual and mutual ageement to enter into a matrimonial relation, permanent and exclusive of all others, between parties capable in law of making such a contract, consummated by their cohabitation as man and wife or their mutual assumption openly of marital duties and obligations." 7 Mayfield's Dig. p. 555 and authorities cited.

If the prosecutrix was an unmarried woman, the undisputed evidence established a common-law marriage between her and defendant, which is recognized in Alabama as a valid marriage.

[5] Where the seduction was accomplished under promise of marriage, and the promise has been kept and performed, no prosecution can be allowed or conviction had after such marriage. The marriage of the parties subsequent to the seduction complained of bars a prosecution for the crime. People v. Gould, 70 Mich. 240, 38 N. W. 232, 14 Am. St. Rep. 493; Com. v. Eichar, 4 Pa. Law J. Rep. 326.

[6] It was permissible for the defendant to introduce evidence of the want of chastity of the prosecutrix at the time of the alleged seduction. Wilson v. State, 73 Ala. 527.

[7] The place of the commission of the alleged offense was the home of defendant's mother at Crestline Heights. There was no direct proof, and no fact in evidence from which the jury could infer that this place was in Jefferson county. It is not an incorporated town or city, and the court will not take judicial notice that it was located in Jefferson county, where the indictment was found.

Circuit court rule 35 reads that—

"Whenever the general charge is requested, predicated upon the failure of proof as to time, venue, etc., * * * the trial court will not be put in error for refusing such charge, unless it appears upon appeal that the point upon which it was asked was brought to the attention of the trial court before the argument was concluded."

[8] It appears that when the defendant asked the general affirmative charge which was the first charge asked by the defendant, the failure of the state to prove the venue was brought to the attention of the trial court, but it does not affirmatively appear that this was "before the argument was concluded." The trial court will therefore not be put in error for the refusal of the affirmative charge on this ground. Ray v. State, 16 Ala. App. 497, 79 South. 620; Chambers v. State, 17 Ala. App. 178, 84 South. 638; McMickens v. State, 18 Ala. App. 39, 88 South. 342.

[9] Evidence that subsequent to the alleged seduction prosecutrix gave birth to a child was inadmissible. Davis v. State, 18 Ala. App. 482, 93 South. 269; Maske v. State, ante, p. 75, 95 South. 204.

It is contended by counsel for appellant that the decree of the circuit court in equity, purporting to annul prosecutrix's marriage with Norrell, was null and void. The decree was rendered subsequent to the alleged seduction and cannot be admissible against the defendant for any purpose. It is therefore unnecessary to decide the question of the jurisdiction of the court and the validity of the decree.

It will avail nothing to prolong this opinion with the discussion of the other exceptions reserved on the trial.

If the prosecutrix was a married woman at the time of the alleged seduction, the defendant was not guilty of the charge against him. If she was unmarried at that time, she and the defendant subsequently thereto entered into a common-law marriage recognized as valid in Alabama, and such marriage bars the prosecution. Upon either theory of the case the defendant should not have been convicted, and was entitled to the general affirmative charge.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.