(105 So. 867)

STEPHENSON v. STEPHENSON.
(8 Div. 728.)

(Supreme Court of Alabama. Oct. 15, 1925.)

1. **Husband and wife** ⬅═➣3(½)—**Conjugal duties held paramount to former ties.**

After marriage new duties and obligations are assumed, and when they conflict with former ties, conjugal duties must be held paramount.

2. **Husband and wife** ⬅═➣325—**Parents may in good faith advise separation of child from spouse.**

Parents may in good faith advise separation of son or daughter from spouse if on reasonable grounds they believe separation to be justified.

3. **Husband and wife** ⬅═➣333(1)—**Worthy motives are presumed when parents advise child to separate from spouse.**

Conduct of parents in cases of advising child to separate from spouse is to be liberally construed, and worthy motives are to be presumed.

4. **Trial** ⬅═➣248—**Abstract charges properly refused.**

Abstract charges are properly refused.

5. **Husband and wife** ⬅═➣332—**Defense of good motive of parent in advising separation need not be specially pleaded.**

In action against husband's mother for alienation of affections, defense of good motive of parent in advising child need not be specially pleaded.

6. **Trial** ⬅═➣252(6)—**Requested charge as to good motive of parent, of which there was no evidence, properly refused.**

Evidence of good motive of parent in advising child to separate from spouse must have been offered to render requested charge relative thereto applicable.

7. **Husband and wife** ⬅═➣333(6) — **Evidence of acts of husband's mother in alienating his affections prior to one year before suit admissible.**

Evidence of acts of husband's mother alienating husband's affections prior to one year before commencement of suit held admissible as tending to show motive, as well as final accomplishment of purpose conceived in previous years.

8. **Evidence** ⬅═➣471(2)—**Evidence of third parties that parties to alienation of affection suit lived in separate establishment held inadmissible as conclusions.**

Objection to questions to third parties as to whether there were separate establishments in house occupied by parties to alienation of affection suit held properly sustained as being conclusions.

9. **Appeal and error** ⬅═➣843(3)—**Error as to admissibility of evidence not considered in view of other evidence.**

Where in action for alienation of affections against mother of husband, the husband testified without contradiction that mother was an invalid, error in admitting other evidence as to

whether mother was an invalid will not be considered.

**10. Appeal and error ⊜◎1058(3)—Testimony of defendant in alienation of affection suit as to whether she was friendly with wife not reversible error.**

In suit for alienation of affections, exclusion of testimony of husband's mother, who was defendant in the action, as to whether or not she and plaintiff got along friendly and agreeably *held* not reversible error, where defendant stated enough facts in her testimony for the jury to draw their conclusion as to such fact.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Suit by Kate Stephenson against Urah Stephenson, alias Warren, for damages for alienation of affections. Judgment for plaintiff, and defendant appeals. Affirmed.

Almon & Almon and Tennis Tidwell, all of Albany, for appellant.

The motive of the parent in causing the separation will be presumed to be good. Burnett v. Burkhead, 21 Ark. 77, 76 Am. Dec. 358. A parent will not be held liable to the spouse of his child for causing their separation, if done in good faith. Tucker v. Tucker, 74 Miss. 93, 19 So. 959, 32 L. R. A. 623; Multer v. Knibbs, 193 Mass. 556, 79 N. E. 762, 9 L. R. A. (N. S.) 322; 13 R. C. L. 1472. Evidence showing the mental attitude as between plaintiff and defendant is admissible. 30 C. J. 1137.

Sample & Kilpatrick, of Hartsells, for appellee.

The motive which induced the action or conduct of defendant may be inferred from the conduct, acts, and circumstances proven; direct evidence of motive is not required. 13 R. C. L. 1474. A parent may not, with hostile intent, break up the marital relations between his child and the wife or husband, simply because he is displeased. 13 R. C. L. 1471. In the absence of evidence of good faith in conduct of defendant, charges 14 and others of like kind were properly refused. Ruhs v. Ruhs, 105 Neb. 663, 181 N. W. 547; 30 C. J. 1146.

GARDNER, J. Appellee is the wife of one Robert Stephenson, and appellant is his mother. The wife recovered a judgment against the mother for alienating the affections of her husband, from which the mother has prosecuted this appeal.

The couple lived for many years in the same house with the mother. At the time of the separation plaintiff went to the home of her father, but she insists her husband directed her to do so, after his mother had repeatedly told her she must leave; the husband, however, promising to follow her later and bring the child, which he has never done.

Plaintiff's evidence further tends to show that for a considerable period prior to the final separation she lived in a room in the home to herself under the direction of the defendant. Her testimony further is to the effect that defendant talked to her son abusively and insultingly of plaintiff, and made remarks indicating her desire that the husband separate from the plaintiff. Speaking of her husband, plaintiff said:

"He said he still loved me, and he could not treat me right on account of his mother; * * * that he would have to humor her or that she would quarrel with him; * * * he said he had to stay with her."

Plaintiff's testimony, in short, discloses an affectionate regard of the husband for the wife, and a persistent effort on the part of the mother to disrupt the union of the couple, an utter disregard of plaintiff's rights as a wife, actual hatred, malice, and ill will.

[1] When defendant's son married he assumed new duties and obligations, and when they conflict with his former ties, the conjugal duties must be held paramount—a principle recognized by the law both human and divine. Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L. R. A. 1917D, 773. These duties, if plaintiff's version is to be accepted, defendant deliberately and successfully sought to have the husband violate and disregard, manifesting also personal hatred and ill will.

[2, 3] We think it very clear the evidence was sufficient for submission to the jury for determination as to the averments of counts 2 and 3, upon which the cause was tried, and that the affirmative charge as to each of these counts was properly refused.

"As affected by the motive of the defendant the cases against parents of the spouse whose affections have been alleged to have been alienated are distinguished from those against strangers. * * * It is also now very generally held that in case of unhappiness and disagreements between a married couple, the law recognizes the right of a parent to advise a son or daughter; and where such advice is given in good faith and results in a separation the act does not give the other spouse a right of action, though in a similar case a stranger would be held liable. A parent may not, with hostile, wicked, or malicious intent, break up the marital relations between his daughter and her husband, simply because he is displeased with the marriage, or because it is against his will, or because he wishes the marriage relation to continue no longer, but according to well considered modern authorities he may advise his daughter in good faith and for her good to leave her husband, if on reasonable grounds, he believes that the further continuance of the marriage relation tends to injure her health, or to destroy her peace of mind, so that she would be justified in leaving her husband. In such case, a parent may persuade his daughter, and use all proper and reasonable arguments, but the mo-

tive and the means employed are always to be considered. It may be shown that the parent acted on mistaken premises or on false information, or his advice and interference may have been unfortunate, still if he acted in good faith and for the daughter's good, on reasonable grounds of belief, he is not liable to the husband. And it has been said that the conduct of parents in such cases is to be liberally construed, and worthy motives are to be presumed. This rule has more frequently been applied in the case of advice given to a married daughter, but it is equally applicable in the case of advice given to a son." 13 R. C. L. pp. 1471–1473; Multer v. Knibbs, 193 Mass. 556, 79 N. E. 762, 9 L. R. A. (N. S.) 322, 9 Ann. Cas. 958; Baird v. Carle, 157 Wis. 565, 147 N. W. 834; Tucker v. Tucker, 74 Miss. 93, 19 So. 955, 32 L. R. A. 623; Ruhs v. Ruhs, 105 Neb. 663, 181 N. W. 547.

The trial court recognized the general rule that in actions of this character against the parent the presumption is that the parent acted in good faith, and so instructed the jury at defendant's request.

[4-6] Defendant requested other charges, among them 14, 15, 11, and 12, based upon the right of the parent to advise the child as to separation, when acting in good faith, and instructing as to nonliability in such cases. We are persuaded (without regard to any other reasons) that these charges were properly refused as being abstract. The good motive in advising the child therein referred is to be rested upon some reasonable ground of belief as to some cause for a separation, and is defensive matter. The authorities differ as to whether such defense must be specially pleaded. 30 C. J. 1135. However, we are inclined to the more liberal view, that no special plea is necessary. But, the question of pleading aside, to render these charges applicable evidence as to such defense must have been offered. Here, defendant merely denied plaintiff's version of the case, and that she acted as was charged or said what was related by plaintiff—in short, a general denial of plaintiff's charges. Defendant did not seek to justify upon the right of the parent to advise the child in good faith, and, indeed, there is no indication of any complaint against the plaintiff as a dutiful and affectionate wife. The above-cited authority of Ruhs v. Ruhs fully supports the view that these charges under these circumstances were properly refused.

[7] The insistence that any evidence of plaintiff as to anything that was done or said by defendant prior to one year before the commencement of the suit was inadmissible is without merit. This evidence was clearly admissible as tending to show defendant's motive as well as the final accomplishment of a purpose conceived in the previous years.

[8] The court's action in sustaining objections to questions propounded to witnesses White and Mrs. Landers, as to whether there were separate establishments in the house occupied by the parties to this suit, may be justified upon the ground that the opinion or conclusion of the witness was called for. As to the witness Landers, moreover, the question asked was subsequently answered to the effect that the witness supposed they "were in the house as one family." The witness Mrs. Landers testified that she had been in the house when plaintiff, defendant, and plaintiff's husband were all there together, that "they would, talk and laugh * * * together," and that she "never saw any disturbance or disagreements or family quarrels, * * * or any ill feeling or anything of the sort between them." It may be the objection that the question to this witness (the rulings on which constitute assignments of error 26 and 27) called for conclusions, is here carried too far, a matter unnecessary to decide however; yet the foregoing excerpts from the testimony of this witness clearly demonstrate that in fact the witness had sufficiently testified in regard thereto, and no reversible error appears.

[9, 10] It was proven by the testimony of defendant's son, and without contradiction, that defendant was an invalid. Under these circumstances, therefore, it becomes unnecessary to determine the admissibility of proof as to her physical condition presented by assignment of error 28, though its relevancy may be seriously questioned. Defendant in her testimony stated facts sufficient for the jury to draw their conclusion as to any friendly relationship or otherwise existing between herself and plaintiff while they lived together, and there was no reversible error in sustaining objection to the question as to whether or not she and plaintiff "got along friendly and agreeably."

We find no error calling for a reversal of this cause, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.