143 So. 209

## POLAND v. STATE.

### 7 Div. 878.

Court of Appeals of Alabama.
June 30, 1932.

Chas. F. Douglass, of Anniston, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J.

Appellant was convicted for seduction upon the alleged injured party, Bessie Brooks. She testified that the offense complained of was committed by appellant some time in December, 1929, the exact date in said month she did not remember. On her direct examination she was permitted to testify that her baby was born December 31, 1930, that it was a boy, and, in answer to the question, "Who is the father of the child?" she replied, "James Poland (defendant)." This evidence remained with the jury overnight and until the next day. The record shows the following: "At this point court adjourned for the day and the trial was resumed at 8:30 A. M. Tuesday morning, September 29, 1931. Before the resumption of the examination the court ex mero motu excluded from the consideration of the jury the statement of the witness that 'James Poland was the father of her baby.'" Nothing else was said by the court in this connection so far as the record shows, and we must sustain appellant's insistence that the admission of said

testimony was error in the first instance, and the cursory manner of its exclusion in no way remedied the wrong that had been done in admitting such testimony. Courts are not supposed to be ignorant of what everybody else is presumed to know, and it is unquestionable that courts will take notice of what is within the common experience or knowledge of all men. We therefore know that the child in question could not have been the product of the alleged sexual intercourse with prosecutrix which she says took place some time in December, 1929, and the baby was not born until December 31, 1930, more than twelve months having elapsed. The fact that a child had been born to prosecutrix as well as the paternity of such child is immaterial, irrelevant, inadmissible, and incompetent, unless it is the fruit of the seduction, and only then admissible for the purpose of corroborating the prosecutrix on the question of the time of the seduction and as to the fact that she has had sexual intercourse. That these rulings of the court were highly prejudicial and injurious to the substantial rights of defendant is beyond question, and cannot be doubted. Davis v. State, 18 Ala. App. 482, 93 So. 269; Maske v. State, 19 Ala. App. 75, 95 So. 204; Martin v. State, 19 Ala. App. 251, 253, 96 So. 734; McMahan v. State, 21 Ala. App. 522, 109 So. 553.

■■ The evidence first given by the prosecutrix as to the manner in which the alleged act of sexual intercourse complained of was accomplished would not sustain the charge of seduction. In said testimony, she denied that she surrendered herself at all to defendant, and that the act of sexual intercourse with her was accomplished by force and against her will. In this connection she testified, as shown by the record as follows:

"The night he had this sexual intercourse with me I went to church with my sister. James Poland went home with me. We left the same time my sister did. She was just a little in front of us. When about half way home we had the sexual relation on the edge of the road.

"Q. What did he say to you beforehand? A. He said we were already engaged to get married and just as well then as after a while.

"Q. And you told him all right, that's what you said? A. No, sir.

"Q. What did you say? A. I told him I wouldn't let him do it.

"Q. Then what was done. A. He grabbed me and threw me down in the road.

"Q. And took it away from you? A. Yes, sir.

"Q. And so you didn't yield to him but he forced you? A. Yes, sir.

"Q. And after he had done that he got up, did he? A. Yes, sir.

"Q. Then you never did yield to him, he threw you down on the ground and forced you? A. Yes, sir."

To justify a conviction for seduction, the proof must show beyond a reasonable doubt that there was a promise of marriage, or other deceptions designated in the statute, and in consequence of which the woman surrendered her person to the gratification of his passion. In other words, the jury must be satisfied beyond a reasonable doubt that the seduction was accomplished under promise of marriage or other means specified in the statute. The promise of marriage must be the moving cause of the illicit intercourse, and it is only when a virtuous woman is overcome and seduced by one or more of the means mentioned in the statute that the case falls within the section of the Code. Section 5490, Code 1923.

The record shows, however, on the subsequent day of the trial, when the testimony of the prosecutrix was resumed, she denied that he forced her to submit to him, but did again say: "The night of the sexual intercourse we were walking along home and he told me we were already engaged to get married and just as well start then as any time and I told him I wouldn't let him and he grabbed me and threw me down on the ground at the edge of the road so after he threw me down on the ground I just gave over to him." We are of the opinion, from the foregoing evidence of the prosecutrix, which is the only evidence on the question of the motivating cause of the alleged illicit intercourse, that this case does not fall within the terms and provisions of the seduction statute, supra. It would appear from her own testimony that she at no time surrendered herself to appellant; that at no time during the alleged incident did she yield to him, but in her own language, "I told him I wouldn't let him and he grabbed me and threw me down on the ground at the edge of the road so after he threw me down on the ground I just gave over to him." In Cooper v. State, 90 Ala. 641, 8 So. 821, the Supreme Court, through the eminent Chief Justice Stone, said:

"It is claimed in this case that there was a promise of marriage, and that promise was the means by which the alleged seduction was accomplished. * * * To justify defendant's conviction on this ground, it was necessary that the jury should be convinced beyond a reasonable doubt that there was a marriage engagement between the defendant and the prosecuting witness, and that in consequence of such engagement she surrendered her person to the gratification of his animal passions. Promise of marriage, and subsequent illicit cohabitation, are not necessarily sufficient to make out the offense. They must stand to each other as cause and effect—that is, the one must be the exciting or producing

cause of the other,—or this statutory crime is not committed. It is only when a virtuous woman is overcome and seduced by one or more of the means mentioned in the statute that the case falls within section. * * *

"Juries should not hesitate to enforce this law, when the testimony leaves no reasonable doubt of its violation. On the other hand if, after giving full consideration to all the facts and circumstances, the charge is not so proved as to leave no reasonable doubt that the false fatal step of the woman was caused by the wiles, arts, blandishments, or machinations of the man, then, although another offense may have been committed, the charge of seduction is not legally proved."

The great Chief Justice, in said opinion, continued and said as being applicable: "The accusation is easily made, hard to be proved, and harder to be defended and disproved by the party accused, though ever so innocent."

The court's rulings were not in accord with the foregoing; hence error must be held.

■ The state was allowed to prove by the prosecutrix: "I had not been out riding with other boys in 1929; had not been out with any boy at all." To rebut this statement the defendant introduced two witnesses—Horace Coggins and Fred Clayton—but upon objection by the state the court would not permit the defendant to show by these witnesses that the prosecutrix at the time in question went out with other boys, etc. Under the simplest rules of evidence, these several rulings of the court were error.

For the errors indicated, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.