184 So. 187

### YOUNG v. YOUNG.

### 3 Div. 256.

Supreme Court of Alabama.

June 9, 1938.

Rehearing Denied Oct. 6, 1938.

Further Rehearing Denied Nov. 10, 1938.

628

·Powell & Hamilton, of Greenville, for appellant.

630

Hill, Hill, Whiting & Rives, of Montgomery, for appellee.

KNIGHT, Justice.

In support of the application for rehearing in this cause the appellant's counsel has filed very earnest and elaborate briefs. In the light of these extensive arguments, we have again carefully considered the Legislative Act now for the first time before the Court. The title of the Act reads: "To abolish causes of action for alienation of affections, criminal conversation, seduction of any female person of the age of 21 years or over, and breach of contract to marry." General Acts 1935, p. 780.

The enactment under this title, so far as here important, is embodied in one sentence, which reads: "All civil causes of action for alienation of affections, criminal conversation and seduction of any female person of the age of 21 years or over, and all causes of action for breach of contract to marry are hereby abolished." Section 1.

Further provisions of the statute deal with the same causes of action which had already accrued, or which may accrue under the existing contracts of marriage.

Clearly the quoted sentence abolishes certain causes of action under existing law, designated by the usual legal terminology. Four classes of action are included.

The point of divergence is in the meaning and application of the phrase "of any female person of the age of 21 years or over." Appellant argues this provision refers to and limits each of the causes of action theretofore listed.

. To make plain this contention, when written out in full, the statute would read: "All civil causes of action for alienation of affections of any female person of the age of 21 years or over, all civil causes of action for criminal conversation of (with) any female person of the age of 21 years or over, all civil causes of action for seduction of any female person of the age of 21 years or over, and all causes of action for breach of contract to marry, are hereby abolished."

Such construction admittedly restricts the Act to a very narrow and limited field of operation. It would leave unaffected all actions on the part of a wife of any age for the alienation of the affections of her husband, and all actions for criminal conversation with her husband. It would abolish all such actions by the husband where the wife was of the age of 21 years or over.

Actions for alienation of affections and for criminal conversation are both based upon the marriage relation—actions for the loss of consortium between the spouses from the wrongful acts of others. Alienation of affections is the robbing of husband or wife of the conjugal affection, society, fellowship and comfort which inheres in the normal marriage relation. Criminal conversation is the defilement of the marriage bed, sexual intercourse of an outsider with husband or wife, a breaking down of the covenant relation to "keep thee only unto him or her so long as you both shall live."

By the ancient common law both these actions were limited to the husband alone.

The emancipation of married women by modern legislation, conferring upon them equality in personal and property rights, led to equality of right in the protection of the marriage relation. So that, in modern England and in most American States a cause of action for alienation of

affections or criminal conversation is recognized in favor of husband or wife on a basis of equality. 30 C.J. 1118, § 972; p. 1119, § 973; p. 1153, § 1032; p. 1154, § 1054; 13 R.C.L. p. 1458, § 507; p. 1459, § 508; p. 1485, § 535; p. 1487, § 537.

This was the law of Alabama at the time of the passage of this act, notwithstanding a statute expressly conferred on the husband a cause of action for criminal conversation, making no mention of the wife. Code, § 5672; Parker v. Newman, 200 Ala. 103, 75 So. 479; Stephenson v. Stephenson, 213 Ala. 545, 105 So. 867.

Appellant's construction of this statute would strike down such actions in favor of the husband, unless the wife was under 21 years of age, but leave all actions for alienation of the husband's affections, or for criminal conversation with him, unaffected. In other words, it would create the same inequality in favor of the wife which the ancient common law gave to the husband.

Neither the wording, nor the reasons for the passage of this act, warrants any such construction.

Behind the husband's right to sue for criminal conversation with his wife is the hazard of spurious offspring to be fathered and supported.

To impute to the legislature an intent to strike down such cause of action by the husband, but leave open to the wife a cause of action against another woman for criminal conversation with her husband is wholly unwarranted.

The well known reason for striking down the causes of action named in the act, all growing out of relations between the sexes, was in response to a public sentiment, after wide discussion, to the effect that such actions had been so abused, made the means of exploitation and blackmail, that the existence of such causes of action had become of greater injury than of benefit to society. That the legislature regarded these abuses as limited to the male sex, we are not prepared to assert.

The first three causes of action dealt with by the statute are actions ex delicto. The statute abolishes all civil causes of action therefor, leaving all criminal causes of action for the redress of such wrongful acts still in force. They are listed in one series for this purpose. The action for breach of contract of marriage is per se a civil action ex contractu, and, therefore, was not included in the list of civil causes of action in the sentence above quoted.

In our opinion the words: "Seduction of any female person of the age of 21 years or over," are merely definitive of the third class of civil causes of action abolished by the Act.

It leaves in force all civil causes of action then known to the law for seduction of any female who had not reached 21 years of age.

Written out in extenso we think the statute enacts: All civil causes of action for alienation of affections of husband or wife, all civil causes of action for criminal conversation with husband or wife, and all civil causes of action for seduction of any female person of the age of 21 years or over, and all actions for breach of contract to marry, are hereby abolished.

As before shown "female person" is inapt as applied to actions for alienation of affections or criminal conversation. These relate to husband and wife. There is and was no civil cause of action for alienation of affections, or criminal conversation with a female, as such.

Seduction on the other hand, is a wrong directed specially against the female, as such; causing the female, chaste at the time, to surrender her virtue, through the seductive arts and inducements recognized by law.

At common law, seduction was not a criminal offense. It is now and has long been a statutory felony in this State. Code, § 5490. This statute is limited to unmarried women. Seduction of a married woman is unknown to the criminal law. Martin v. State, 19 Ala.App. 251, 96 So. 734.

At common law a woman had no civil cause of action for her seduction. Phillips v. Ashworth, 220 Ala. 237, 124 So. 519.

A civil cause of action was recognized in favor of a parent or person in loco parentis, but based upon the relation of master and servant. There must have been a loss of services, or a loss of a right to services of the seduced. 57 C.J. 19, § 33; Roberts v. Connelly, 14 Ala. 235.

In this case of Roberts v. Connelly, decided in 1848, the court expressed regret that the law afforded no redress for the

culpable conduct of the seducer of a young girl as disclosed by that record.

Following that decision the Code of 1852, §§ 2133, 2134, created a cause of action in favor of an unmarried woman for her own seduction; and modified the common law so that the father, and in certain events, the mother, may sue for the seduction of a daughter, although there be no loss of services, &c. These statutes have come down to us unchanged as §§ 5692, 5693, of the Code of 1923. All this demonstrates that the cause of action for seduction is for redress of wrongful conduct inducing a loss of chastity by the female, as such, with the consequent degradation, mortification and wounded feelings visited upon her, as well as upon her parents. The Act before us is carefully drawn with evident purpose, in our opinion, to wipe out all the causes of action enumerated, save actions for seduction of a female who had not reached maturity, 21 years of age.

No stress should be put upon coupling "criminal conversation" with "seduction" by the conjunction "and." This is entirely appropriate in connecting the last of a series, in which others are separated by commas.

In the title, as well as in Section 3 of the Act, the entire clause, "Seduction of any female person of the age of 21 years or over," is separated by commas from the other causes of action dealt with in the Act.

Criminal conversation is not only limited to the marriage relation, while seduction is despoiling the chaste female, but the culpability of criminal conversation has little relation to the age of the woman. She may wantonly engage in criminal conversation, even be the aggressor inviting such breach of fidelity to her husband. In such case the young wife would be no less culpable than the old.

Much may be said touching the wisdom of this statute as applied to individual cases which may arise under any of the erstwhile causes of action thus stricken down. This is for legislative consideration.

We deem it important in this, the first case for construction of the statute, that its meaning be correctly announced.

The language of the act, construed in the light of the well defined terminology there employed, we are convinced, strikes down all causes of action for criminal conversation as well as for alienation of affections.

Such being our conclusion, it results that plaintiff had no right of action, and that the demurrer to her complaint was properly sustained. The judgment is accordingly affirmed.

It follows, therefore, that the application for rehearing is overruled, the former opinion is withdrawn, and the foregoing opinion is substituted therefor.

ANDERSON, C. J., and BOULDIN, J., concur in opinion.

FOSTER, J., concurs in the conclusion, but is of the opinion that it is not necessary to determine in this case that all actions for criminal conversation are abolished.