MONROE, Judge,
concurring specially.
I agree that § 6-5-351, Ala.Code 1975, is unconstitutional. However, I believe that the issues raised in the dissenting opinion need to be addressed. Every member of this Court agrees that the prevention of unwanted teen pregnancies is a worthy and admirable societal goal. In attempting to reach that goal, however, we cannot disregard the Constitution. I believe that Judge Thompson’s argument in support of the seduction statute falls far short of passing constitutional muster.
The dissent tries to distinguish between Alabama’s seduction statute and Georgia’s seduction statute, which was held unconstitutional in 1994. Even if the statutes are as different as night and day, Alabama’s statute is just as unconstitutional as Georgia’s statute.
The goal of the Alabama seduction statute is not, as the dissent asserts, to. prevent “the seduction of a minor female that could result in the minor’s becoming pregnant.” 699 So.2d at 224. In Young v. Young, 236 Ala. 627, 632, 184 So. 187 (1938), overruled in part on other grounds, Armstrong v. McDonald, 39 Ala.App. 485, 103 So.2d 818 (1958), the Alabama Supreme Court wrote that “the cause of action for seduction is for redress of wrongful conduct inducing a loss of chastity by the female, as such, with the consequent degradation, mortification and wounded feelings visited upon her, as well as upon her parents.” Degradation, mortification and wounded feelings can certainly arise from a seduction regardless of whether the female becomes pregnant. To say that the seduction statute is meant to be used as a means of preventing unwanted pregnancies is to misunderstand why the cause of action for seduction exists in the first place.
None of this is to say that I, nor the rest of the majority, do not believe that the interest that is protected by the seduction statute, i.e., the prevention of degradation, mortification, or wounded- feelings as the result of wrongful conduct on the part of the seducer, is not an important governmental interest. However, I do not believe that the gender-based classification drawn to serve that important interest is substantially related to that interest. Females aré every bit as capable of seduction as males, yet under the statute, only males can be civilly liable for the act of seduction. I cannot see how the gender-based classification in § 6-5-351 serves to prevent the degradation, mortification or wounded feelings of one who has been wrongfully seduced.
Even if I were to accept the dissent’s assertion that the important governmental interest at stake here is the prevention of teenagers’ unwanted pregnancies, I still do not believe that the seduction statute is substantially related to the achievement of that interest. Most obviously, pregnancy is irrelevant in a claim for seduction. If the goal of the seduction statute is to prevent unwanted teenage pregnancies, then the statute could be more narrowly tailored to achieve that goal.
As important and laudable as the prevention of teenage pregnancies is, I believe that just as important and laudable is the preservation, of equal protection of the law. There are so many other more effective means of *224 dealing with teenage pregnancies than the seduction statute, which actually has nothing to do with teenage pregnancies, that there is no justification for trampling on the Constitution in an attempt to keep the law on the books.